J-S14006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TITO GARCIA | |
| Appellant | No. 2844 EDA 2013 |

Appeal from the Judgment of Sentence June 4, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003693-2011

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

DISSENTING MEMORANDUM BY OLSON, J.:          **FILED MAY 15, 2015**

The learned Majority concludes that the trial court improperly used the mandatory minimum sentence contained in 18 Pa.C.S.A. § 7508 in sentencing Tito Garcia (Garcia).  Finding that the court's alleged reliance on § 7508 resulted in an illegal sentence, the Majority vacates Garcia's sentence and remands.  In so doing, the Majority effectively transforms Pennsylvania's now-invalid mandatory sentencing schemes into a sentencing cap, beyond which the trial courts of this Commonwealth will be reluctant to tread.  As I am unable to agree with the Majority's analysis and conclusion, I must respectfully dissent.

My initial point of departure from the Majority's analysis involves its election to review this case as one involving a challenge to the legality of Garcia's sentence.  I agree with the Majority that, in general, issues

pertaining to **Alleyne v. United States**, 133 S.Ct. 2151 (2013) relate to the legality of a sentence. **See Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014). As such, those issues ordinarily involve questions of law over which our standard of review is *de novo* and our scope of review is plenary. **Id.**

My concern arises from how we should weigh Garcia's appellate issues against the precise factual and procedural history of this case. The trial court stated that it did not impose a mandatory minimum sentence under § 7508. Indeed, the transcript of Garcia's sentencing hearing fully supports this assertion: **not once** during that proceeding did the trial court even mention § 7508 or the application of that provision to the facts herein. Instead, the trial court imposed a lengthier term of incarceration based exclusively upon Garcia's criminal history and lack of remorse. For reasons that I shall discuss in greater detail below, I cannot agree that the trial court assessed a sentence that it lacked the authority to impose. The challenged sentence did not exceed the statutory maximum. Moreover, it is important to note that the trial court sentenced Garcia on June 4, 2013, 13 days **before** the United States issued its decision in **Alleyne**. Thus, § 7508 remained a constitutionally valid sentencing provision when the court set

Garcia's punishment.[1]  Since Garcia's penalty fell within statutory limits and, more importantly, since the trial court expressly stated that it did not rely on § 7508 in fashioning Garcia's sentence, I read Garcia's appellate issues as asking only whether the sentencing court abused its discretion when setting Garcia's punishment.  Thus, I would review this case under a more deferential, abuse of discretion standard.[2]  Applying such a standard, I would uphold Garcia's sentence.

---

[1] Indeed, at sentencing, it was defense counsel who specifically requested application of the three to six year mandatory minimum sentence set forth in § 7508.  **See** N.T., 6/4/13, at 6-7.

[2] Under Pennsylvania law, an illegal sentence is one that the trial court lacks statutory authority to impose.  **See Commonwealth v. Mears**, 972 A.2d 1210, 1211 n.1 (Pa. Super. 2009).  When the trial court issued its judgment of sentence on June 4, 2013, it undoubtedly possessed the authority to order Garcia to serve four to eight years in prison, followed by three years' probation, for his crimes.  The Majority does not hold otherwise and, notwithstanding **Alleyne** and its progeny within this Commonwealth, the trial court still retains the discretionary authority to order such a punishment.  My learned colleagues do not question the trial court's authority to impose the sentence that it did; they merely scrutinize the propriety of an alleged component of the trial court's sentencing determination.  In view of these circumstances, I must conclude that this case calls for a discretionary sentencing analysis.  **See Commonwealth v. Chase**, 530 A.2d 458, 460 (Pa. Super. 1987) (where sentence was undeniably within legal limits imposed by the legislature and appellant's only contention was that the court considered an improper factor, consideration of improper factor did not make sentence illegal and appeal challenged only discretionary aspects of appellant's sentence).

J-S14006-15

In *Commonwealth v. Sheller*, 961 A.2d 187 (Pa. Super. 2008), this Court set forth the standard for reviewing a claim challenging a discretionary aspect of sentencing.[3] In that case, we stated:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it [is] not bound by the Sentencing Guidelines. *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007) ("It is well established that the Sentencing Guidelines are purely advisory in nature."); *Commonwealth v. Walls*, 926 A.2d 957, 965 (Pa. 2007) (referring to the Sentencing Guidelines as "advisory guideposts" which "recommend ... rather than require a particular sentence"). The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." *Yuhasz*, 923 A.2d at 1118. A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001). When a court chooses to depart from the guidelines however, it must "demonstrate on the record, as a proper starting point, [its] awareness of the sentencing

---

[3] Although our case law requires that discretionary sentencing challenges be preserved through a post-sentence motion and the inclusion of a substantial question in a concise statement filed under Pa.R.A.P. 2119(f), *Sheller*, *supra*, I shall forego a discussion of issue preservation in the interest of brevity.

- 4 -

guidelines." *Eby*, 784 A.2d at 206. Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.A. § 9721(b).

When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable. [*Walls*, 926 A.2d at 962]. An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3). In making a reasonableness determination, a court should consider four factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). A sentence may be found unreasonable if it fails to properly account for these four statutory factors. A sentence may also be found unreasonable if the "sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." *Walls*, 926 A.2d at 964. These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

*Sheller*, 961 A.2d at 190-191.

In the instant case, the sentencing court, with the benefit of a presentence investigation report, a mental health report, and an investigation of Garcia's criminal history, sentenced Garcia to four to eight years' imprisonment, which exceeded the aggravated range. The court explained

that it enhanced Garcia's punishment because of his criminal history and his complete lack of remorse.  As the Majority notes, the trial court never mentioned at Garcia's sentencing hearing that it relied on § 7508 to impose its sentence in this case.  *See* Majority Memorandum at 7 ("trial court did not specify that it was utilizing the mandatory minimum sentence contained in section 7508(a)(2)(i) in fashioning Garcia's sentence").  Moreover, it is clear from the court's statements that it considered all of the requisite factors, including the nature and circumstances of the offense, the recommended guideline range, protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant, when imposing the sentence challenged in this appeal.  *See* 42 Pa.C.S.A. §§ 9781(d) and 9721(b).  Further, the sentencing court had a pre-sentence investigation report at the time of sentencing and clearly had an opportunity to review Garcia's history and consider his demeanor and characteristics.  Thus, the record confirms that the trial court did not abuse its discretion.

The learned Majority states that it is relying upon the record to substantiate its contention that the trial court utilized § 7508 in fashioning Garcia's sentence.  I must respectfully disagree that the record supports this conclusion, given that the trial court never mentioned § 7508 when fixing Garcia's punishment.  The Majority correctly notes that the trial court denied Garcia's pre-trial motion to preclude consideration of § 7508 at sentencing. However, since the trial court denied Garcia's motion before *Alleyne* was

issued, its decision was legally correct. I do not believe that the trial court's correct disposition of a pre-trial motion supports a finding that the trial court imposed an illegal sentence. The learned Majority also observes that the parties "operat[ed] under the assumption [at sentencing] that the mandatory sentence was in play." Majority Memorandum at 7. Again, since the trial court sentenced Garcia before **Alleyne** was issued, there is little doubt that this was true. Nevertheless, this says nothing about whether § 7508 impermissibly influenced the trial court's sentencing determination.

The Majority next suggests that, "Garcia's sentence would have been illegal if the trial court had not sentenced Garcia pursuant to section 7508[.]" Majority Memorandum at 8 (emphasis omitted). The Majority's assertion that the trial court sentenced Garcia **pursuant to** § 7508 stands in stark contrast to its immediately prior observation that the "trial court **did not specify** that it was utilizing the mandatory minimum sentence contained in section 7508(a)(2)(i) in fashioning Garcia's sentence[.]" Majority Memorandum at 7 (emphasis added). This inherent tension in the positions advanced by the Majority leads me to conclude that the only link between § 7508 and the sentence imposed in this case emerges from the inferences drawn by the Majority itself. It cannot be both ways, however. If the trial court sentenced Garcia pursuant to § 7508, then it would have said

so.[4]  Yet, as the Majority observes, it did not.  Instead, the sentencing

transcript makes clear that Garcia's extensive criminal history and

remorseless attitude led the court to impose a harsher sentence.  Nothing in

*Alleyne* forbids this.  *Alleyne* simply held that all factors supporting the

application of a mandatory minimum sentence had to be determined by a

jury beyond a reasonable doubt.  *Alleyne* did not consider, much less

invalidate, a sentencing court's inherent discretionary authority to enhance

punishment based upon factors such as a defendant's criminal history or

remorseless demeanor.  Equally important, no Pennsylvania decision issued

in the wake of *Alleyne* has so held.  Since there is no basis in the record to

---

[4] Although I take the trial court at its word that it did not rely on § 7508 in fixing Garcia's sentence, I do not do so in a vacuum.  Since the trial court sentenced Garcia 13 days before the issuance of *Alleyne*, it had no reason to "hide the ball" with respect to any alleged reliance on § 7508.  My review of the transcript of Garcia's sentencing hearing confirms, however, that the court never mentioned § 7508 at sentencing.

The Majority sees the issue differently.  Because Garcia's sentence exceeds the mandatory minimum, the Majority concludes that the trial court relied, at least in part, on § 7508.  Hence, the Majority finds improper reliance upon § 7508 from the trial court's pre-trial rulings, the respective contemplation of the parties, and the court's Rule 1925(a) opinion.  However, reference to the transcript of Garcia's sentencing hearing is absent from the Majority's substantive analysis.

Because a sentencing transcript offers the most probative information regarding what has led a trial court to impose a particular sentence, I believe that the most reasonable inference to draw in this case is that the sentencing court did not rely on § 7508 in fixing Garcia's punishment.

assert that Garcia received a mandatory minimum sentence under § 7508,[5] or that the trial court considered any other impermissible factor[6] in imposing its sentence, I would not hold that Garcia's sentence was unlawful.

Lastly, the Majority maintains that Garcia's stipulation at trial to the weight of seized contraband is not grounds to distinguish this case from *Alleyne*. In advancing this view, the Majority points to this Court's decisions in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), and *Cardwell*, *supra*. While I agree that these decisions foreclose any possibility of distinguishing this case from *Alleyne* because of Garcia's stipulation at trial, I do not believe that these decisions furnish a basis for relief. In its Rule 1925(a) opinion, the court referred to Garcia's trial stipulation in an attempt to distinguish *Alleyne*. We should recall, however, that the trial court issued its opinion on June 13, 2014, months before our decisions in the above-cited cases. Our decision in *Newman* was issued on August 20, 2014, *Valentine* was filed on October 3, 2014, and *Cardwell* was issued on November 25, 2014. Thus, although the trial court's legal

---

[5] Since Garcia did not receive a mandatory minimum sentence under § 7508, I would distinguish the case law applying *Alleyne* to matters pending on direct appeal.

[6] A defendant's criminal history does not trigger the constitutional protections described in *Alleyne*.

conclusions (in its Rule 1925(a) opinion) with respect to Garcia's stipulation ultimately proved incorrect, these determinations were not necessarily erroneous when they were initially made. More significantly, the trial court's analysis of this issue represented merely an alternative to its dispositive and unrefuted position that it did not consider § 7508 in imposing Garcia's sentence.

In sum, the learned Majority holds as a matter of law that the trial court imposed an illegal sentence because it used the mandatory sentencing provision found at § 7508 in determining Garcia's sentence. To reach its conclusion, the Majority examines this case as a challenge to the legality of Garcia's sentence. I would hold that, because § 7508 is alleged only to have influenced the trial court's imposition of a statutorily authorized punishment, the issue in this case implicates discretionary review. Under a deferential standard, I would find no abuse of the trial court's discretion. At Garcia's sentencing hearing, the court never mentioned § 7508 in assessing the penalty that it imposed. Instead, the court focused exclusively on Garcia's persistent involvement in criminal activity and his lack of remorse for his actions. Even if other parts of the record contained references to § 7508, of which the trial court was undoubtedly aware, this does not establish that § 7508 influenced the trial court's sentencing determination where Garcia's sentencing transcript so overwhelmingly demonstrates that the trial court concentrated on other, entirely proper, factors in imposing a reasonable

punishment. I also do not believe that the trial court's legal rulings support the learned Majority's position and I am reluctant to criticize the trial judge's rulings in hindsight. For each of these reasons, I respectfully dissent.