J-S74020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT AATIF AUSTIN | |
| Appellant | No. 2782 EDA 2015 |

Appeal from the Judgment of Sentence June 3, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013799-2010

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                          **FILED JANUARY 23, 2017**

Robert Aatif Austin appeals from the judgment of sentence entered June 3, 2015, in the Philadelphia County Court of Common Pleas, which was made final by the denial of post-sentence motions on July 28, 2015.  On April 8, 2015, the trial court, sitting without a jury, convicted Austin of aggravated assault, conspiracy to commit aggravated assault, possessing a firearm prohibited, carrying a firearm without a license, and carrying a firearm on a public street.[1]  The court imposed an aggregate sentence of ten to 20 years' incarceration, followed by 15 years' probation.  The sole issue on appeal is a challenge to the discretionary aspects of sentencing.  After a

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 2702(a), 903(c), 6105(a)(1), 6106(a)(1), and 6108.

thorough review of the submissions by the parties, the certified record, and

relevant law, we affirm the judgment of sentence.

The trial court set forth the factual history as follows:

On May 23, 2010, at about 1:30 a.m., Ms. Diane Pahan and two friends named "Bell" and Hiroshi Miwa were in the Old City area of Philadelphia getting out of a car when they heard gunfire and immediately ducked. Ms. Pahan thereafter saw two men run by her, one of whom was armed with a silver handgun and was wearing an orange t-shirt and the other a white t-shirt and the other a white t-shirt.[2] Upon seeing the two men Ms. Pahan got back into the car with her two friends where they were soon joined by a man later identified as George Morse, the complainant herein, who was bleeding profusely from his abdomen and leg and asked to be taken to a hospital. Ms. Pahan and her friends immediately took him to a nearby hospital where Ms. Pahan returned Morse's cell phone to friends of his. Ms. Pahan believed Morse was unarmed.

_____

[2] Ms. Miwa did not see the second male.

_____

The complainant, a Philadelphia Corrections Officer at the time of the incident, testified that on the night of the incident, at about 1:15 a.m., he and three acquaintances named Tyreek Stiles, "Marcus," and "Ryell" went to Old City to attend a party at a Hyatt Hotel located there. When the men couldn't gain entry they walked to Front Street toward their car, which was parked near Walnut Street, they encountered [Austin] and a second male staring intently at them. The second male, Nyfeese Saunders, made a smart remark to Morse and the men with him. Morse asked Saunders, "What's the problem?," after which they began arguing.

During the argument, [Austin] tried to get Saunders to leave. [Austin], however then began arguing with Tyreek. [Austin] then told Saunders that he believed that Morse was a corrections officer and that they should leave after which [Austin] and Morse shook hands. Saunders though began

fighting with Tyreek and Morse told Saunders that he wasn't going to hit anyone and that if he wanted to get "physical" he could do so with him.

After Morse said that he took off a necklace he was wearing at which time both [Austin] and Saunders took out automatic handguns and began shooting at Morse, who was shot a couple of times as he ran down the street attempting to avoid injury.[3] Morse however was struck several times and fell next to a car from where he saw the two assailants run by him. He then noticed three people in a car across the street one of whom offered to take him to a hospital. He got into their car and they took him to Jefferson Hospital where he underwent several operations for gunshot wounds to his arms, legs, and abdomen. During the operations, two fired projectiles were recovered from his body, both of which were turned over to the police.

_____

[3] Morse testified that he did not see [Austin] fire his gun; only take it out.

_____

On May 26, 2010, Morse gave an interview to police. During the interview, he identified a photograph of Saunders. He thereafter was interviewed again and on July 2, 2010, Morse participated in another photographic identification session. During it he selected a photograph of [Austin] from a photo array. Morse indicated that he was unarmed during the affray. Later on the day of the shooting police went to a residence in Southwest Philadelphia to apprehend [Austin]. When police arrived, [Austin] ran into the residence at which time a SWAT team was called. Upon entering the residence police did not locate [Austin] therein.

[Austin] was eventually arrested. Following [Austin]'s arrest, a lineup was scheduled. It was canceled because in the view of the police officer who was going to conduct the lineup, [Austin] changed his appearance between the day of his arrest and the date the lineup was scheduled.

An investigation of the scene where the assailants were standing when they shot Morse resulted in the collection of

- 3 -

numerous spent shell casings, Morse's watch, which had been shot off of his wrist, a bullet jacket, and lead fragments[.] Photographs were also taken, some of which depicted bullet strike marks.

All of the ballistic evidence was later examined by Police Officer Gregory Walsh of the Philadelphia Police Department's Firearms Identification Unit. That examination revealed that two different guns were fired at the scene.

Trial Court Opinion, 12/21/2015, at 2-4.

Austin was charged with, *inter alia*, the above-stated crimes. Austin's bench trial began on April 7, 2015. The following day, the court convicted Austin of the offenses set forth above. On June 3, 2015, the court imposed the following sentence: (1) a term of ten to 20 years' imprisonment for the aggravated assault conviction; (2) a term of ten years' probation for the conspiracy conviction; and (3) a consecutive term of 5 years' probation for the possession of a firearms prohibited offense. The court did not impose a further penalty with respect to the remaining claims. Austin filed a post-sentence motion to reconsider his sentence,[2] which was denied on July 28, 2015. This appeal followed.[3]

_____

[2] Specifically, Austin alleged his sentence was excessive under the circumstances and constituted an abuse of discretion. **See** Austin's Motion to Reconsider Sentence, 6/11/2015.

[3] On September 2, 2015, the trial court ordered Austin to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Austin filed a concise statement on September 17, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 21, 2015.

- 4 -

In his sole issue on appeal, Austin claims he is entitled to a new sentencing hearing because the trial court abused its discretion by sentencing him in excess of the aggravated range of the sentencing guidelines where there were no aggravating factors warranting such a sentence. Austin's Brief at 3.

As presented, Austin's issue challenges the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa. Super. 2002) (explaining argument that sentence is manifestly excessive challenges discretionary aspects of sentencing). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citations and quotation marks omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted).

Here, Austin filed a timely notice of appeal and included the requisite statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. Moreover, his post-sentence motion was timely filed. Therefore, we may proceed to

determine whether Austin has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013).

With respect to whether an issue presents a substantial question, we are guided by the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***See Commonwealth v. Paul***, 2007 PA Super 134, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 2013 PA Super 70, 65 A.3d 932, 2013 WL 1313089, *2 (Pa. Super. filed 4/2/13) (quotation and quotation marks omitted).

*Edwards*, 71 A.3d at 330 (citation omitted). Moreover, this Court has previously "held that a substantial question is raised where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances." *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013).[4]

---

[4] ***See also Commonwealth v. Lawrence***, 960 A.2d 473, 478 (Pa. Super. 2008) (substantial question presented with respect to "a claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guidelines") (citation omitted), *appeal denied*, 980 A.2d 606 (Pa. 2009).

Here, Austin asserts: "[The trial court] focused primarily, if not exclusively, on [the] Assistant District Attorney's misconstrued testimony and other irrelevant considerations, [so that] the Court abused its discretion." Austin's Brief at 14-15. To the extent that Austin's argument amounts to a claim that the trial court erred by imposing an aggravated range sentence without consideration of mitigating circumstances, we find he has raised a substantial question and will proceed to an examination of his argument on appeal.[5]

The standard of review for a claim challenging a discretionary aspect of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[5] In his brief, but not set forth in the argument section, Austin implies "the Commonwealth made an inflammatory and clearly impermissible sentencing argument which certainly served no other purpose but to inflame the Court." Austin's Brief at 8. However, Austin fails to explain how this testimony was inflammatory. Furthermore, we note that in the transcript from the sentencing hearing, a sidebar was taken after the alleged inflammatory comment was made, which was not transcribed and therefore, we have no knowledge of what discussion took place between the court and the parties regarding the matter. N.T., 6/3/2015, at 11. Accordingly, we find this claim to be waived and underdeveloped and need not address it further.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

Moreover, when imposing a sentence, the sentencing court is required to "consider" the Sentencing Guidelines, but the Guidelines are "merely one factor among many that the court must consider in imposing a sentence." *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007).

> When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable. *Commonwealth v. Walls,* 592 Pa. 557, 567, 926 A.2d 957 (Pa. 2007). An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3). In making a reasonableness determination, a court should consider four factors:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S.A. § 9781(d). A sentence may be found unreasonable if it fails to properly account for these four statutory factors. A sentence may also be found unreasonable if the "sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." *Walls*, 592 Pa. at 569. These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

*Sheller*, 961 A.2d at 190-191. Furthermore,

> [i]n every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence. 42 Pa.C.S.A. § 9721; *see also Commonwealth v. Eby,* 2001 PA Super 287, 784 A.2d 204, 205-206 (Pa. Super. 2001).
>
>> The statute requires a trial judge who intends to sentence a defendant outside of the guidelines to demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.
>
> *Commonwealth v. Gibson,* 716 A.2d 1275, 1276-1277 (Pa. Super. 1998) *(internal quotations omitted).*
>
> …
>
> "[O]ur Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is *not un* reasonable, we must affirm a sentence that falls outside those guidelines." *Id.* (citations omitted, emphasis in original).

*Bowen*, 55 A.3d at 1263-1264.

Turning to the present matter, at sentencing, the court indicated that it had reviewed the presentence investigation report ("PSI"). N.T.,

6/3/2015, at 17.[6]   Austin had a prior record score of four and an offense gravity score of 11.  *Id.* at 2.

The court heard from the Commonwealth, who stated the victim was shot eight times, specifically describing the victim's injuries as follows:

> [The victim] was basically crucified.  On his wrist, there is a mark on each wrist.  There is a mark on each leg.  He was shot in the knees.  This is someone who, again, it is like an assassination attempt and to say [Austin] is less culpable [because he originally tried to break up the fight], I disagree.

*Id.* at 7-8.  The Commonwealth further noted Austin was under federal and county supervision for two unrelated cases when he committed the present offense.  *Id.*  The Commonwealth also mentioned Austin had incurred five infractions while he was in custody for the present incident, and twice he had been disciplined with a finding of guilt.  *Id.* at 11-12.

_____

[6]   We note the PSI was not included the certified record.  Nevertheless, "where the sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."  **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010), *quoting* **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) (internal quotations omitted).  "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors."  **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted), *appeal denied*, 987 A.2d 161 (Pa. 2009).

Lastly, the Court heard allocution from Austin, in which he denied shooting the victim and stated he was just trying to break up the altercation. *Id.* at 15.

At the conclusion of the hearing, the court set forth its rationale for the sentence:

> The recollection that I have in this case is that you and your co[-]conspirator were out to kill this complainant the way you shot him. You have two guns firing at an unarmed man, a correctional officer, fleeing down the street but for the grace of God, for the good grace of God, this complainant would be dead and you would be facing life without parole.
>
> I didn't see anything about breaking it up. I think it was an incident, which is just like many incidents in this city, a little spark goes off and suddenly we have to use our guns because we are big, bad guys.
>
> Robert Austin, on CR-13799, on the charge of aggravated assault, the sentence of the Court, going above the guidelines, 9 years with deadly weapon enhancement, I am going 1 year above it, which is an increase but still within the guidelines, plus or minus, I am sentencing you to 10 to 20 years to a state correctional facility, on Count 10. On Count 8, criminal conspiracy, I am sentencing you to 10 years['] probation consecutive to the sentence I just imposed on Count 10. On Count 1, possession of a firearm by person prohibited from carrying a firearm, Section 6105 of the Uniform Firearms Act, I am sentencing you to 5 years['] probation consecutive to the sentences imposed. No further punishment on the other sentences.

*Id.* at 15-17.

In the Rule 1925(a) opinion, the trial court further explained its rationale for a departure from the guidelines:

> Under these [sentencing] standards, the sentence imposed was not unreasonable or an abuse of discretion because all of

- 11 -

the factors above were considered when this Court fashioned its sentence. This Court reviewed pre-sentence reports and carefully considered the facts of the case, which showed that [Austin] fired numerous shots at an unarmed man on a busy Philadelphia street following a minor dispute. It was only due to the actions of persons not involved in the matter, who took the complainant to the hospital that the complainant did not expire. In doing so, [Austin] demonstrated that he is a danger to the community and that a lengthy criminal sentence was necessary to protect the public. Given all of the foregoing, it is suggested that the instant claim be deemed lacking in merit because it is clear that the sentence imposed herein was not unreasonable, did not constitute an abuse of discretion, and that the Court considered all of the required factors in fashioning [Austin]'s sentence. *See Commonwealth v. Griffin*, 804 A.2d 1 (Pa. Super. 2002) (where a judge who makes a discretionary sentencing decision has been fully informed of pertinent facts, his discretion should not be disturbed).

Trial Court Opinion, 12/21/2015, at 9.

Based upon our standard of review, we conclude the trial court did not abuse its discretion in sentencing Austin outside the guideline range. Contrary to Austin's argument, it is evident from the sentencing hearing and the Rule 1925(a) opinion that the court did indeed consider the required factors under Section 9781(d). Moreover, the court acknowledged its understanding of the sentencing guidelines, and did articulate a sufficient statement of reasons for sentencing Austin one year above the aggravated range.

Furthermore, the court indicated it had reviewed and relied on the PSI. *See Moury*, 992 A.2d at 171. The court also articulated its concern for the protection of the community, including the victim. The court emphasized the reckless nature of Austin's actions on the night in question. The court

provided further explanation for the sentence imposed in its Rule 1925(a) opinion, and these additional comments support its decision. Accordingly, Austin has not demonstrated that his sentence was "unreasonable." 42 Pa.C.S. § 9781(c)(3). Therefore, Austin's discretionary sentencing claim fails, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2017