**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**David E. EBY, Appellant.**

Superior Court of Pennsylvania.

Argued June 26, 2001.

Filed Oct. 4, 2001.

Ken Mummah, Mifflin, for appellant.

Andrew L. Winder, Asst. Dist. Atty., Mifflintown, for Commonwealth, appellee.

Before: McEWEN, President Judge Emeritus, TODD, and HESTER, JJ.

PER CURIAM.

¶ 1 This direct appeal has been taken from the judgment of sentence to serve a term of imprisonment of from six months to eighteen months, imposed after appellant, David Eby, pleaded guilty to the offense of possession with intent to deliver marijuana. We are constrained to vacate and remand for resentencing.

¶ 2 The trial judge has aptly summarized the facts underlying this appeal:

> The facts underlying the plea [of guilty to one count of possession with intent to deliver marijuana] are that the defendant was called by a friend, a confidential informant, to supply her with marijuana and he went to his supplier and returned to his home where he met the confidential informant and sold her a ¼ ounce of marijuana for $50.[1]

> According to the PSI attached hereto, this is the defendant's first offense as a juvenile or adult and he is 27 years of age and resides with his mother and stepfather.

¶ 3 Appellant argues that the trial court abused its discretion by imposing a sentence in excess of the aggravated range of the sentencing guidelines.[2] This Court may only reach the merits of an

---

1. Neither counsel for the Commonwealth nor counsel for appellant were able to advise, during argument, the amount appellant had paid for the substance.

2. A challenge to the discretionary aspects of a sentence requires that the appellant comply with the mandates of Pa.R.A.P. 2119(f), and of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), to set forth in the brief a

appeal challenging the discretionary aspects of sentence "where it appears that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Commonwealth v. Urrutia,* 439 Pa.Super. 227, 653 A.2d 706, 710 (1995), *appeal denied,* 541 Pa. 625, 661 A.2d 873 (1995). A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Maneval,* 455 Pa.Super. 483, 688 A.2d 1198, 1200 (1997). A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a "substantial question" for our review. *Commonwealth v. Hess,* 745 A.2d 29, 30 n. 3 (Pa.Super.2000); *Commonwealth v. Davis,* 737 A.2d 792, 798 (Pa.Super.1999); *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa.Super.1999) (*en banc*). Because appellant has presented a substantial question, we may proceed to a review of the discretionary aspects of the sentence.

¶ 4 As our distinguished President Judge Emeritus William F. Cercone opined for this Court in *Commonwealth v. Davis:*

> The following standards are applicable in evaluating the merits of [an allegation that the Trial Court committed an abuse of discretion in sentencing outside the guideline ranges]:
>
> In sentencing outside the guidelines, the sentencing judge must follow the mandate of § 9721(b) of the Sentencing Code, 42 Pa.C.S. § 9701 *et seq.,* which provides in pertinent part: In

every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and re-sentencing the defendant....

The statute requires a trial judge who intends to sentence a defendant outside the guidelines to demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as he also states of record "the factual basis and specific reasons which compelled him to deviate from the guideline range."

[*Commonwealth v. Gibson* ], 716 A.2d at 1276–1277 (quoting *Commonwealth v. Johnson,* 446 Pa.Super. 192, 666 A.2d 690, 693 (1995)).

When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only. *Gibson,* 716 A.2d at 1277. If the sentencing court deems it appropriate to sentence outside the guidelines, it may do so as long as it offers reasons. *Id.* "[O]ur Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart

---

separate, concise statement of the reasons relied upon for the allowance of appeal with regard to the discretionary aspects of sentence. *See also: Commonwealth v. Saranc-*

*hak,* 544 Pa. 158, 177, 675 A.2d 268, 277 (1996), *cert. denied,* 519 U.S. 1061, 117 S.Ct. 695, 136 L.Ed.2d 617 (1997). Appellant has complied with this requirement.

from the guidelines is *not un* reasonable, we must affirm a sentence that falls outside those guidelines ...." *Id.* (citing *Commonwealth v. Smith,* 543 Pa. 566, 673 A.2d 893 (1996) (emphasis in original)). As we very recently stated in *Commonwealth v. Guth,* in exercising its discretion, the trial court must consider the character of the defendant and the particular circumstances of the offense, and must impose a sentence that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. *Commonwealth v. Guth,* 735 A.2d 709, 711 (Pa.Super.1999).

*Commonwealth v. Davis, supra,* 737 A.2d at 798–99. *See also: Commonwealth v. Koehler,* 558 Pa. 334, 370, 737 A.2d 225, 244 (1999), *cert. denied,* 531 U.S. 829, 121 S.Ct. 79, 148 L.Ed.2d 41 (2000).

▮ ¶ 5 In the instant case, the standard range of the sentencing guidelines provided for a minimum sentence of restorative sanctions to one month imprisonment, while the aggravated range provided for a minimum sentence of up to four months imprisonment. Appellant was sentenced to a term of imprisonment of from six months to eighteen months, a sentence well in excess of the aggravated range. The sentencing court recited at the sentencing hearing the applicable guideline ranges, expressed an intent to impose a sentence in excess of the guidelines, and provided the following justification for the sentence selected:

I guess what I want to add to the record here at this point is I consider selling drugs in Juniata County to be very serious. I personally have witnessed in my experience as a judge up here a growing increase in the number of drug related cases that have appeared in front of me, especially in the last year in Juniata County.

I've seen heroin cases that I've had to sentence on. I've seen juveniles in court that are using heroin, cocaine, and a lot of marijuana. As a matter of fact, I think last time I had court up here, and I was talking to [District Attorney] Winder about this, we had four or five violators, and it seemed they were using marijuana daily while on parole.

I think we have a real problem with drugs up here in Juniata County. And that's why I'm going to give him an aggravated range sentence. It's got to stop.

I know just putting you in jail for whatever period of time I put you in isn't necessarily going to stop this from occurring. I'm not saying you're a big drug dealer. I don't know if you are or not. But drug dealers aren't going to be treated lightly. I'll say this specifically. You can appeal this if you want. Sentencing guidelines for dealing drugs for first time offenders with no prior record are ridiculous. RS to one month. That's like committing a DUI offense for the second time and you get 30 days. And that's what I'm comparing it to. You're comparing a drug dealer to a DUI offense for the second time within seven years, and that's totally uncalled for, so I disagree with the sentencing guidelines.

▮ ¶ 6 Careful reflection upon the reasons recited by the court compels the conclusion that the court abused its discretion in imposing this sentence. When a sentencing court makes the decision to deviate from the sentencing guidelines, "it is especially important that the court consider all factors relevant to the determination of a proper sentence." *Commonwealth v. Ruffo,* 360 Pa.Super. 180, 520 A.2d 43, 47 (1987). This means that a sentencing court must give consideration not only to the nature of the crime, but also to the

individual character and circumstances of the offender. *See:* 42 Pa.C.S. § 9721(b). The court in the instant case, however, focused solely upon the perceived seriousness of the offense, and made no mention of the individual character or circumstances of the appellant, factors which would certainly have benefited appellant as the pre-sentence investigation report indicates that appellant is a high school graduate, that he has a positive work history and no prior criminal record, that he lives with his mother and stepfather, that while he formerly abused drugs and alcohol, he no longer does so, and that he was cooperative during his pre-sentence interview. Not only did the judge fail to mention these circumstances, the record provides no indication that the court considered these essential and favorable factors in fashioning the sentence.

¶ 7 Similarly troubling is the statement of the sentencing judge that the guidelines for this particular offense are "ridiculous". It is not the role of the judicial branch to fault the wisdom of the legislative branch, our partner in the government of the Commonwealth. The guidelines have been adopted by our General Assembly (*See:* 204 Pa.Code Ch. 303) to serve the important purpose of promoting uniformity in sentencing across the many counties of this Commonwealth. Thus, the sentencing court is obliged to observe the provisions of the statute in molding the sentence to be imposed. As ·our eminent colleague, Judge John G. Brosky, has recounted:

> The primary purpose behind the establishment of sentencing guidelines was to create a system where not only would offenders be properly punished for their transgressions, but also where like offenders would be treated consistently. *See, Commonwealth v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984). As stated by Judge Cavanaugh, writing for the court in *Commonwealth v. Chesson:*

> The sentencing guidelines were formulated in order to weave rationality out of an all-too chaotic sentencing system wherein sentences sometimes varied widely from one county to the next, and even from one courtroom to the next in the same county.

*Commonwealth v. Chesson,* 353 Pa.Super. 255, 509 A.2d 875 (1986). Further support of Judge Cavanaugh's premise can be found in quotes from the introductory comments of House Representative Scirica when the enabling legislation was introduced. Representative Scirica stated:

> We are amending a Senate bill, and this amendment changes the way we sentence criminals in Pennsylvania. The purpose of the amendment is to make criminal sentences more rational and consistent, to eliminate unwarranted disparity in sentencing, and to restrict the unfettered discretion given to sentencing judges.

Pennsylvania House Journal, 3130 (September 21, 1978). (Emphasis added).

To promote the above objectives the sentencing code/guidelines take into consideration the severity or gravity of the offense initially by imposing increasingly greater sentences for increasingly egregious conduct. To wit, an aggravated assault is subject to greater punishment than a simple assault and a rape is subject to greater punishment than a theft offense. Thus, given any particular offense, the guidelines provide the predesignated ranges of punishment for the offense considering the inherent egregiousness of the conduct which is generally associated with the commission of that offense. Consequently, it follows that, unless the particular facts of the case in question are distinguishable from the typical case of that same

offense, a sentence in the standard range would be called for.

However, recognizing that certain cases of a particular crime may vary from the typical case or may have attendant factors calling for a greater or lesser sentence, the guidelines also provide aggravated and mitigated ranges. Thus, when a case is not of the norm the sentencing judge may deviate from the standard sentencing range. However, when sentencing in these ranges, the court is required to provide reasons for so doing. Implicit in this methodology is the premise that the court must have valid reasons for sentencing in these ranges, otherwise the recitation of the reasons on the record would serve no real purpose. Further implicit in this methodology is the premise that the court's sentence in light of its reasons is subject to review by the appellate courts. To hold otherwise is to relegate the guidelines scheme to a purely voluntary practice, for sentencing courts could simply pay token lip service to the guidelines and then impose any sentence they wished within the legal limitations without any forms of checks and balances.

*Commonwealth v. Gause,* 442 Pa.Super. 329, 659 A.2d 1014, 1016–1017 (1995) (footnote omitted). While the sentencing court was aware of and correctly stated the applicable guideline ranges, the subsequent comments of the court make it clear that the court did not give the guidelines any meaningful consideration, and failed to cite any specific reason related to the individual circumstances of appellant or to the characteristics of his crime. Such omissions contravene the very purpose that the sentencing guidelines are intended to serve, namely to assure that similarly situated defendants receive similar sentences and thereby establish a rational and consistent sentencing pattern.

 ¶ 8 As reiterated in *Gause,* the use of the guidelines is not voluntary. Courts must apply the guidelines unless the circumstances of the individual case require deviation, and in that situation where deviation is required the court must articulate sufficient reasons to justify this conclusion. The court here not only failed to articulate sufficient reasons for its deviation from the guidelines, but also impermissibly relied upon its singular disagreement with those guidelines. Accordingly, we vacate the judgment of sentence, and remand for such resentencing as is consistent with this Opinion.

¶ 9 Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.