J. S69023/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JULIO A. TORRES, | : | No. 3496 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, August 9, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004877-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND STABILE, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 12, 2014**

Julio A. Torres appeals from the judgment of sentence of August 9, 2013.  After careful review, we affirm.

At trial, the Commonwealth presented the testimony of Stephanie Muller and Philadelphia Police Officers James Reilly, Theresa Brooks, Richard Lynch, Derrick Jones, Mark Wolf, and Daniel Wright.  Viewed in the light most favorable to the Commonwealth as the verdict winner, their testimony established the following.

At approximately 6:30 p.m. on February 18, 2012, Philadelphia Police Officer James Reilly was performing narcotics surveillance on the 300 block of East Somerset Street in Philadelphia.  From his unmarked police vehicle, Officer Reilly observed [appellant] standing in front of a bodega on the corner of Somerset Street and Rosehill Street.  As Officer Reilly watched, a man later identified as Daniel Contreras approached [appellant]. [Appellant] handed Contreras an unknown amount of money and Contreras handed [appellant] objects.

[Appellant] then went into an alley behind the store, where he stayed for approximately ten seconds. [Appellant] then returned to the corner, where he began yelling, "dope, powder."[Footnote 1]

> [Footnote 1] "Dope" is a street term for heroin and "powder" is a street term for powder cocaine.

After a few minutes, a man, later identified as Ryan Mastriana, approached [appellant]. Mastriana handed [appellant] money, and [appellant] returned to the alley in which he had been earlier. [Appellant] stayed in the alley for approximately ten seconds, emerged, and handed Mastriana a small object. Officer Reilly relayed a description of Mastriana to his backup team, who stopped Mastriana a few blocks away. Police searched Mastriana and recovered two blue-tinted packets of cocaine.

A few minutes later, a woman, later identified as Tracy Gowronski, approached [appellant]. She handed [appellant] money and [appellant] went back to the alley. [Appellant] again stayed in the alley for approximately ten seconds, emerged, and handed Gowronski a small object. Officer Reilly relayed a description of Gowronski to his backup team, who stopped Gowronski a few blocks away. Police searched Gowronski and recovered one blue-tinted packet containing cocaine.

As Officer Reilly was observing these drug sales, Daniel Contreras was walking around the area of the corner on which [appellant] stood. When it appeared to Officer Reilly that Contreras was leaving the area, he called for backup to converge on the corner. Police stopped Contreras and recovered $50 in cash. Police arrested [appellant] and recovered $170 in cash and one clear packet with a blue glassine insert stamped with the logo "Ace," containing heroin.

Police then searched the alleyway in which [appellant] had been after his transaction with

Contreras and his subsequent transactions with Mastriana and Gowronski. From the alley, police recovered a Newport cigarette pack that contained three clear packets with peach glassine inserts. The three packets were each stamped with the logo "Ace," and contained heroin. Police also recovered from the Newport box two clear plastic baggies that contained 26 additional packets of heroin. Each of these packets was stamped with the logo "808."

Trial court opinion, 3/14/14 at 1-3 (citations to the record omitted).

On May 8, 2013, following a jury trial, appellant was found guilty of possession with intent to deliver ("PWID") -- heroin, and PWID -- cocaine. On August 9, 2013, appellant was sentenced to 5 to 15 years' imprisonment. Post-sentence motions were denied, and this timely appeal followed. Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

On appeal, appellant raises a single question for our review, challenging the discretionary aspects of sentencing:

Did not the lower court err and abuse its discretion by sentencing [appellant] to an unreasonable and excessive sentence that was more severe than the top of the aggravated range of the Sentencing Guidelines, gave a disproportionate amount of weight to improper aggravating factors and discounted significant and substantial mitigating factors, resulting in an unbalanced and disproportionate weighing process leading to an unreasonable and excessive sentence?

Appellant's brief at 3.

"A challenge to the discretionary aspects of a sentence requires the claimant to set forth in his brief a separate, concise statement of the reasons

relied upon for the allowance of appeal as to that challenge."
*Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa.Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005), citing *Commonwealth v. Eby*, 784 A.2d 204, 206 n.2 (Pa.Super. 2001), in turn citing Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987). Appellant has complied with this requirement. (Appellant's brief at 5-7.)

> This Court may reach the merits of an appeal challenging the discretionary aspects of a sentence only if it appears that a substantial question exists as to whether the sentence imposed is not appropriate under the Sentencing Code. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process. A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a 'substantial question' for our review."

*Griffin*, *supra*, quoting *Eby*, *supra*.

> The matter of sentencing is vested within the sound discretion of the trial court; we only reverse the court's determination upon an abuse of discretion. To demonstrate that the trial court has abused its discretion, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Moreover, 42 Pa.C.S.A. § 9721(b) provides that the trial court must disclose, on the record, its reasons for imposing the sentence.

*Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa.Super. 2004) (citations and internal quotation marks omitted). "[T]he sentencing judge must state of record the factual basis and specific reasons which compelled him or her to deviate from the guideline ranges. When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only." *Griffin*, *supra* at 8, citing *Eby*, *supra*.

Here, PWID carried an offense gravity score ("OGS") of 7; appellant's prior record score ("PRS") was 5. (Notes of testimony, 8/9/13 at 4.) The statutory maximum was 30 years. (*Id.*) The standard range was 24 to 30 months, plus or minus 6 months. (*Id.*) Therefore, appellant's sentence of 5 to 15 years was outside the aggravated range of the sentencing guidelines.

At sentencing, the trial court gave several reasons for going beyond the guidelines. Appellant's PRS of 5 did not fully reflect his criminal history, which included juvenile adjudications for robbery and PWID. (*Id.* at 15.) In 2003, at age 16, appellant pled guilty in adult court to aggravated assault and possession of an instrument of a crime. As the trial court observed, a defendant's PRS is capped at 5 but appellant had actually accumulated more than 5 points. (*Id.*) Therefore, the trial court did not "double count" appellant's PRS as appellant claims on appeal.

In addition, the trial court noted that appellant had repeatedly failed to comply with conditions of supervision. (*Id.*) Despite serving state time,

appellant had failed to rehabilitate. In fact, appellant was on probation for PWID when he committed the instant offense. (**Id.** at 15-16.) In 2011, appellant received a lenient sentence of time served to 23 months plus 3 years' probation for PWID, and obviously did not "get the message." (**Id.**) Appellant had failed to demonstrate that he could turn his life around. (**Id.** at 16.)

The trial court was well aware of mitigating evidence including appellant's difficult upbringing. (**Id.** at 14.) The trial court also had the benefit of a pre-sentence investigation report. (**Id.**) "Where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." **Commonwealth v. Fullin**, 892 A.2d 843, 849-850 (Pa.Super. 2006), quoting **Commonwealth v. L.N.**, 787 A.2d 1064 (Pa.Super. 2001). The trial court put ample reasons on the record for its upward deviation from the guidelines. Appellant's discretionary aspects of sentencing claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2014

- 6 -