J-A23003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARSHALL ISAAC GIBSON | : | |
| | : | |
| Appellant | : | No. 651 EDA 2017 |

Appeal from the Judgment of Sentence December 22, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0003112-2015

BEFORE:   PANELLA, J., DUBOW, J., and FITZGERALD*, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 08, 2017**

Appellant, Marshall Gibson, pled guilty but mentally ill to charges that he raped a woman by holding a knife to her throat and forcing her to perform oral sex on him. The court sentenced him to a term of imprisonment of 10 to 20 years. This sentence exceeded the aggravated range of the sentencing guidelines.

On appeal, Gibson argues the court ignored significant mitigating factors and imposed a manifestly excessive sentence. Gibson concedes this claim challenges the discretionary aspects of his sentence. **See** Appellant's Brief, at 9.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a

_____

* Former Justice specially assigned to the Superior Court.

J-A23003-17

claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Gibson preserved his issue through a timely motion for reconsideration of the sentence imposed, and filed a timely appeal. Counsel has included the required Rule 2119(f) statement. We therefore turn to a substantive review of Gibson's Rule 2119(f) statement.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation omitted); ***see also*** Pa.R.A.P. 2119(f).

Gibson "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***McAfee***,

849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted).

Gibson's claim that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances, such as his mental health issues, age, and lack of prior record, raises a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*), *appeal denied*, 126 A.3d 1282 (Pa. 2015); **see also Commonwealth v. P.L.S.**, 894 A.2d 120, 127 (Pa. Super. 2006) (claim that trial court failed to adequately state on the record its reasons for imposing a sentence exceeding the guideline range raises a substantial question).

In imposing a sentence, the court must consider relevant statutory factors, including "the protection of the public, gravity of an offense in relation to impact on victim and community, and rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A court has broad discretion in fashioning its sentence. **See Commonwealth v. Walls**, 926 A.2d 957, 962-63 (Pa. 2007). While the court is required to consider the sentence ranges set forth in the sentencing guidelines, it is not bound by them. **See Commonwealth v. Yuhasz**, 923 A.2d 1111, 1118 (Pa. 2007). The court may depart from the guidelines, "if necessary, to fashion a sentence which

takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it related to the impact on the life of the victim and the community[.]" ***Commonwealth v. Eby***, 784 A.2d 204, 206 (Pa. Super. 2001). If the court imposes a sentence outside the guideline ranges, it must place adequate reasons for the deviation in the record. ***See P.L.S.***, 894 A.2d at 129-130.

Here, contrary to Gibson's claims, the court referenced the guidelines. ***See*** N.T., Sentencing, 12/22/16, at 50 ("I don't believe … the sentencing will fall within the standard sentencing range.") Thus, there is no concern that the court was unaware that it was sentencing outside the guideline ranges.

Furthermore, the court acknowledged Gibson's rehabilitative needs and the impact his imprisonment would have on his family. ***See id***., at 49. Thus, the record belies Gibson's claim that the court did not consider his rehabilitative needs.

While Gibson correctly asserts the court spent significantly more time addressing the impact of the crime on the victim and protection of the community, this does not render the court's reasoning an abuse of discretion. Gibson pled guilty to a serious crime, where he threatened the victim with a knife. He then forced the victim to perform oral sex.

The impact of a forcible rape on a victim should not be ignored. Nor should the protection of the public be ignored, given the fact that, according to the guilty plea, Gibson committed this crime due to his mental illness. The

reasons given for the sentence imposed are rational, and do not constitute an abuse of the court's discretion. Gibson's sole issue on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2017