J-S59019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAVARYEA TAYLOR | : | |
| | : | |
| Appellant | : | No. 3614 EDA 2016 |

Appeal from the Judgment of Sentence November 26, 2013
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014476-2011

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 29, 2018**

Shavaryea Taylor appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his conviction for robbery (F-1),[1] conspiracy to commit robbery (F-1),[2] firearms not to be carried without a license (F-3),[3] carrying a firearm in public in Philadelphia (M-1),[4] and possession of an instrument of crime (M-1) (PIC).[5]  He challenges the discretionary aspects of his sentence, claiming his outside-the-guideline sentence was "far in excess of that which was necessary to protect the public

_____

[1] 18 Pa.C.S. § 3701(a)(1)(iii).

[2] 18 Pa.C.S. § 903(c).

[3] 18 Pa.C.S. § 6106(a)(1).

[4] 18 Pa.C.S. § 6108.

[5] 18 Pa.C.S. § 907(a).

and [] did not take into consideration [his] rehabilitative needs or potential." Appellant's Supplemental Brief, at 11. We affirm.

On September 6, 2011, Taylor and his three co-conspirators robbed a pizza deliveryman at gunpoint. The co-conspirators had placed a phone order to Memo's Pizza in West Philadelphia and requested food be delivered to a row home located at 105 Cecil Street. When the delivery man exited his car to bring the order to the home, Taylor and his co-conspirators approached him and demanded the food. Taylor took a gun from one of the co-conspirators and pointed it at the delivery man while another conspirator took approximately $36.00 worth of food from the victim. At a jury trial, the Commonwealth presented evidence that Taylor had committed two similar robberies in August 2011, both involving phoning in food orders and then robbing the delivery persons at gun point.

Taylor was convicted by a jury of the aforementioned offenses. On November 26, 2013, the court sentenced Taylor to the Commonwealth's recommended sentence of 8-20 years' imprisonment for the robbery conviction, with concurrent terms of ten years' probation on the conspiracy conviction, a seven-year term of probation for carrying a firearm without a license, and two terms each of five years' probation for PIC and the remaining firearm offense.

On appeal, Taylor presents the following issue for our consideration: Did the lower court abuse its discretion by fashioning a sentence that exceeded that which is necessary to protect the public, and that was an

upward departure from the sentencing gui[]delines where [Taylor] had a "0" prior record score, and where the lower court disregarded the sentencing guidelines?" Appellant's Supplemental Brief, at 4.

The right to appeal the discretionary aspects of a sentence is not absolute. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004). To determine if this Court may review the discretionary aspects of a sentence, we employ a four-part test:

> (1) whether appellant has timely filed a notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect [by failing to include a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentencing pursuant to], Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006) (citation omitted).

Instantly, Taylor was sentenced on November 26, 2013. On October 17, 2016, the trial court reinstated his direct appeal rights *nunc pro tunc* via the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. He filed a timely notice of appeal on November 16, 2016. Taylor has also preserved his sentencing issue, having filed a motion for reconsideration, stating that his outside-the-guideline sentence was excessive. Finally, Taylor includes a Rule 2119(f) statement in his appellate brief.

A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a "substantial question" for our review. *Commonwealth v. Hess*, 745 A.2d 29, 30 n.3 (Pa. Super. 2000). Thus, Taylor has invoked our jurisdiction to review this issue.

"Our Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable, we must affirm a sentence that falls outside those guidelines[.]" *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128-29 (Pa. Super. 2003) (citations omitted).

At sentencing the parties agreed, on the record, that Taylor's prior record score was a zero and his offense gravity score a ten. N.T. Sentencing Hearing, 11/26/13, at 5. The parties also noted that Taylor used a deadly weapon, which would make the guideline range for the offense 40-54 months, plus or minus 12 months. *Id.* The Commonwealth asked for a sentence of 8-20 years' imprisonment, *id.* at 7, focusing on Taylor's extensive criminal history as a juvenile, *id.* at 8, and his history of being "defiant, disrespectful, and violent towards his peers and authority figures." *Id.*

Pursuant to 42 Pa.C.S. § 9721, when a court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing, it must provide a contemporaneous written statement of the reason or reasons for deviation from the guidelines. *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001) (citations omitted). Failure to comply

is grounds for vacating the sentence and re-sentencing the defendant. *Id.* A trial judge who intends to sentence a defendant outside the guidelines must demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence that takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as the court also states of record the factual basis and specific reasons that compelled it to deviate.

The court justified its sentence in the instant case as follows:

> I am going to impose a period of prison in the state correctional institution because of the seriousness of the offense, because the offense gravity score does not fully reflect the seriousness of this offense, and because not only do we have a robbery, but we have a robbery with conspiracy with a weapon, and the defendant was found guilty of all those charges, found guilty of robbery, conspiracy, and three weapons offenses. The D[istrict] A[ttorney]'s recommendation is a reasonable recommendation considering the facts of this case, so I will impose a sentence of 8 to 20 years in a state correctional institution.

*See* N.T. Sentencing Hearing, 11/26/13 at 17.

The fact that Taylor was one of several conspirators who held a gun to the victim's head during the robbery greatly influenced the trial judge's determination that he needed to deviate upwards from the sentencing guidelines. *Id.* at 16 ("Correct me if I'm wrong, but didn't the complainant in this case testify that this defendant, Taylor, took the gun and put it against his head, put it to his head?"). The court also took into account the fact that

Taylor showed a lack of remorse for his participation in the instant crime, stating at sentencing that "still today I feel as though I'm innocent." *Id.* at 13. Moreover, Judge Cunningham had the benefit of a pre-sentence investigation (PSI) report and the Probation Department's sentencing calculation when he fashioned Taylor's sentence. *Id.* at 3-4. As the PSI indicated, Taylor committed the instant offense only days after his eighteenth birthday and while he was still on juvenile probation. *See Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988) (where court has benefit of PSI, court presumed to have been aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Finally, at sentencing the court demonstrated its awareness of the relevant sentencing guidelines for Taylor's offenses. *Eby*, *supra*.

Based on the record, we cannot conclude that the Taylor's sentence is unreasonable. The trial court proffered sufficient reasons indicating why it decided to sentence outside the guidelines. Accordingly, we affirm. *Smith*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/18