J. S37038/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MAHMOUD REDDY, | : | No. 1578 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered April 15, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0002109-2010

BEFORE:  BOWES, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED SEPTEMBER 23, 2019**

Mahmoud Reddy appeals from the April 15, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County after the trial court resentenced appellant to an aggregate term of incarceration of three to ten years as a result of his conviction in a jury trial of one count of possession with intent to deliver a controlled substance ("PWID").[1]  Michael L. McDermott, Esq., has filed a petition to withdraw, alleging that the appeal is frivolous, and an **Anders** brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court set forth the following procedural history:

---

[1] 35 P.S. § 780-113(a)(30).

On March 28, 2013, at the conclusion of his jury trial, [appellant] was found guilty on the sole charge of [PWID]. On June 26, 2013, [appellant] was sentenced to a period of confinement of 3 to 10 years in a state correctional facility. On July 26, 2013, [appellant] timely filed an appeal to the Superior Court of Pennsylvania, at 2493 EDA 2013. On April 23, 2015 the Superior Court affirmed [appellant's] conviction. However, [because the Superior Court determined that appellant received an illegal mandatory minimum sentence] pursuant to **Alleyne v. United States**, [570 U.S. 99,] 133 S.Ct. 2151, [186 L.Ed.2d 314 (2013),] and its Pennsylvania progeny, [it] remanded the matter back for resentencing.

On April 15, 2016, [appellant] was resentenced to a period of confinement in a state correctional facility of 3 to 10 years on the sole charge of PWID. On April 22, 2016, [appellant] filed a motion for reconsideration of his sentence, which the [trial court] denied on April 27, 2016, without a hearing. [Appellant] did not file a direct appeal.

On August 16, 2016, [appellant] timely filed a [Post Conviction Relief Act] Petition pursuant to 42 Pa.C.S.A. §[§] 9541[-9546], seeking reinstatement of his direct appellate rights. On April 24, 2018, the [trial court], after a hearing, reinstated [appellant's] direct appellate rights.

On May 23, 2018, [appellant] timely filed the instant appeal to the Superior Court of Pennsylvania. On May 29, 2018, [the trial court] filed and served on [appellant] an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [appellant] to file and serve a Statement of Errors Complained of on Appeal, within 21 days of the [trial court]'s Order. On June 18, 2018, [appellant] timely filed his [Rule 1925(b) statement)].

Trial court opinion, 1/10/19 at 1-2 (footnote omitted). Thereafter, the trial court filed its Rule 1925(a) opinion.

Preliminarily, we must address the petition to withdraw alleging that the appeal is frivolous and the **Anders** brief that Attorney McDermott filed.

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
>>
>>> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>>>
>>> **Anders** counsel must also provide a copy of the **Anders** brief and petition to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise additional points worthy of the Court's attention.
>>
>> **Woods**, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an **Anders** brief:

> The **Anders** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

*Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the **Anders** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

**Commonwealth v. Hankerson**, 118 A.3d 415, 419-420 (Pa.Super. 2015).

- 4 -

Our review of Attorney McDermott's petition to withdraw, supporting documentation, and *Anders* brief reveals that he has substantially complied with all of the foregoing requirements, which is sufficient. *See Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa.Super. 2015) (finding that "[s]ubstantial compliance with [*Anders*] requirements is sufficient."). Attorney McDermott simultaneously furnished a copy of the *Anders* brief to appellant and advised him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this court's attention. Attorney McDermott attached a copy of that letter to the *Anders* brief and to the petition to withdraw, both of which he filed with this court. In the petition to withdraw, Attorney McDermott averred that, after a thorough examination of the record, he concluded the appeal does not present a non-frivolous legal question. Additionally, Attorney McDermott furnished appellant with a copy of the petition to withdraw. Appellant has not filed a response to the *Anders* brief or the petition to withdraw. Therefore, as Attorney McDermott has substantially complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of *Anders*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5.

With respect to briefing requirements, "[n]either **Anders** nor **McClendon** requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal." **Santiago**, 978 A.2d at 359, 360.

Here, in his statement of questions presented, Attorney McDermott raises the following issue: "Is [sic] there any nonfrivolous issues regarding [appellant's] sentence?" (**Anders** brief at 6.) Counsel then sets forth a procedural history of the case, albeit without record references. Counsel does include the issues presented in appellant's Rule 1925(b) statement which (1) challenged the legality of the sentence, (2) claimed that the trial court failed to place its reasons on the record for deviating from the sentencing guidelines, and (3) alleged that the sentence was manifestly excessive. (**Id.** at 8.) Counsel then examines appellant's sentence, with appropriate citation to the sentencing transcript, to conclude that (1) appellant's sentence is legal, (2) the trial court placed its reasons for deviating from the sentencing guidelines on the record, and (3) the trial court properly exercised its discretion when resentencing appellant. (**Id.** at 10-11.) As Attorney McDermott explains, and as the record reflects, even though appellant's prior record score was 5 and the guidelines range was 24 to 30 months, plus or minus 6 months, the trial court deviated upward because

the prior record score understated appellant's criminal history, which was a proper exercise of discretion. *See*, *e.g.*, ***Commonwealth v. Griffin***, 804 A.2d 1, 8 (Pa.Super. 2002), ***appeal denied***, 868 A.2d 1198 (Pa. 2005), ***cert. denied***, 545 U.S. 1148 (2005), citing ***Commonwealth v. Eby***, 784 A.2d 204 (Pa.Super. 2001) (reiterating that "the sentencing judge must state of record the factual basis and specific reasons which compelled him or her to deviate from the guideline ranges. When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only.").

In the words of the trial court,

> according to the presentence report[, appellant] has 20 arrests with 12 convictions resulting in six prior commitments. He also has revocation of probation and parole, a total of four violations with two revocations. The Probation Department report lists his prior convictions. We also had a Court History.
>
> [Appellant's] entire life is drugs and guns with an occasional theft or drunk driving thrown in. So it would be fair to say that the prior record score understates the seriousness of his criminal history.

Notes of testimony, 4/15/16 at 8.

After carefully reviewing the record, we conclude that it supports counsel's assessment that the appeal is frivolous and that the trial court properly exercised its discretion when it imposed sentence.

Moreover, our independent review of the entire record reveals no additional non-frivolous claims. Therefore, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

J. S37038/19

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/19