J-S75012-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA     IN THE SUPERIOR COURT
OF PENNSYLVANIA

Appellee

v.

DARRYL MATTHEW NELSON

Appellant     No. 535 WDA 2019

Appeal from the Judgment of Sentence entered December 17, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0000529-2012

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:        FILED MARCH 03, 2020

Appellant, Darryl Matthew Nelson, appeals from the judgment of sentence entered on December 17, 2018 in the Court of Common Pleas of Allegheny County following a remand from this Court. Appellant argues his sentence is excessive and unreasonable. We find no merit to his claim. However, in light of the trial court's acknowledgement of its error in the probationary portion of the sentence imposed, we vacate Appellant's judgment of sentence and again remand for sentencing.

The underlying facts are not in dispute. Following a bench trial in April 2013, Appellant was found guilty of one count of possession with intent to deliver, one count of possession of a controlled substance, and one count of

_____

[*] Retired Senior Judge assigned to the Superior Court.

conspiracy to possess a controlled substance. The Commonwealth filed its notice of intention to seek mandatory minimum penalties under 42 Pa.C.S.A. § 9712.1, which requires imposition of a five-year mandatory minimum sentence for possession of a firearm in close proximity to a controlled substance, and 18 Pa.C.S.A. § 7508(7)(ii), which requires a three-year mandatory minimum for possessing more than five grams of heroin.

On July 10, 2013, the trial court sentenced Appellant to an aggregate term of five to ten years in prison followed by five years' probation. After exhausting his direct appeals, Appellant filed a timely post-conviction petition on May 9, 2016, claiming, inter alia, an illegal sentence. After his petition was dismissed, he filed an appeal to this Court. In light of Alleyne v. United States[1] and subsequent decisions by this Court and our Supreme Court, we determined Alleyne applied and Appellant's mandatory minimum sentences were illegal. We affirmed Appellant's convictions but remanded for resentencing. Commonwealth v. Nelson, No. 891 WDA 2017 (Pa. Super. filed October 10, 2018). By that time, Appellant had served 65 months of his sentence and had been paroled. Because imposition of a state sentence on remand would have required that Appellant be returned to the same state system from which he had been paroled, the court instead imposed a sentence of 11½ to 23 months. The court announced it was also imposing a

_____

[1] Alleyne v. United States, 570 U.S. 99 (2013).

probationary sentence, indicating it would impose the same period of probation as was included in Appellant's original sentence. However, instead of the original five-year period of probation, the court sentenced Appellant to ten years' probation. Because the trial court retained jurisdiction by virtue of imposing a county sentence, the court paroled Appellant after giving him credit for time served. Consequently, only the probation period remained on Appellant's sentence.

Appellant filed a post-sentence motion, seeking reconsideration. The motion was denied. After Appellant's appeal rights to this Court were reinstated nunc pro tunc, Appellant filed the instant appeal.

Appellant asks us to consider one question:

1. Upon resentencing, did the sentencing court impose an excessive and unreasonable sentence considering the Commonwealth's position that the 65 months Appellant had already served in prison was "a suitable penalty" under the circumstances?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. As this Court recently reiterated:

> We have long held that the right to appeal a discretionary aspect of sentence is not absolute." Commonwealth v. Zirkle, 107 A.3d 127 (Pa. Super. 2014). Instead, such challenges are considered petitions for allowance of appeal. See id. Generally, an appellant who wishes to challenge the discretionary aspects of his sentence must satisfy a four-part test to invoke this Court's jurisdiction:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or

- 3 -

in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

Id. at 132 (citation omitted). Finally, whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. See id. (citation omitted).

Commonwealth v. Clemat, 218 A.3d 944, 959 (Pa. Super. 2019).

Appellant filed a timely notice of appeal after his appeal rights were reinstated nunc pro tunc by order entered March 11, 2019. He preserved his issue in a post-sentence motion and has included a Rule 2119(f) statement in his brief. He contends the court imposed an unreasonable sentence outside the guidelines, which is a substantial question permitting our review. Commonwealth v. Griffin, 804 A.2d 1, 7 (Pa. Super. 2002); Commonwealth v. Eby, 784 A.2d 204, 206 (Pa. Super. 2001). Therefore, we shall consider his claim.

In reviewing the discretionary aspects of a sentence, we are guided by the following standard:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Caldwell, 117 A.3d 763, 770 (Pa. Super. 2015) (en banc) (citations omitted).

Appellant argues that while his county sentence "falls below the mitigated range, the sentence in the aggregate—taking into consideration the time [Appellant] already served—far exceeds the aggravated range. [Appellant] agrees with the Commonwealth: he's served a 'suitable penalty.'" Appellant's Brief at 26. As such, he contends, the sentence imposed is not only excessive but unreasonable. Id. at 27. At the very least, he asserts, this Court should find that the ten-year probationary period was imposed in error. Id.

In its Rule 1925(a) opinion, the trial court explained:

The sentence that was imposed upon [Appellant] took into consideration that he had served sixty-five months and that if a new sentence was imposed upon him which would result in a state sentence, it would require that he had to be returned to state custody and then seek to be paroled from his sentence, even though he had already been paroled from the sentence that had previously been imposed upon him but was vacated by the Superior Court. The sentence that was imposed upon [Appellant] was not unreasonable but, rather, was designed to effectuate the desires of all of the parties and was an appropriate resolution to this matter. This court in sentencing [Appellant] to a county sentence, retained the ability to parole him and, in fact, did parole him after giving him credit for the time that he had already served. If there was an error in this sentence, it was the length of the period of probation since this court firmly stated that he was giving [Appellant] the same period of probation that he originally did, however, that original period of probation was five years and the current period is ten. If there is any error in [Appellant's] sentence, it is the length of period of probation which, in fact, should have only been five years.

Trial Court Opinion, 7/17/19, at 4-5 (footnote and some capitalization omitted).

We find no abuse of discretion in the trial court's imposition of a county sentence, or with the reasoning behind the sentence, allowing Appellant to be paroled based on time served. However, we do agree with Appellant, and the trial court, that the ten-year period of probation should have been a five-year period. Therefore, we vacate the judgment of sentence and remand for resentencing in accordance with this Memorandum.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/03/2020