J-S45029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SIMONE KENISHA RICHARDS | : | |
| | : | |
| Appellant | : | No. 804 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 25, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002550-2022

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED: JANUARY 3, 2024**

Simone Kenisha Richards appeals from the judgment of sentence, entered in the Court of Common Pleas of Cumberland County, following her open guilty plea to criminal conspiracy-retail theft.[1]  Upon review, we affirm.

Following a report of retail theft at a Walmart in Cumberland County, police were dispatched to that location and encountered Richards, sitting in the front seat of a vehicle in the Walmart parking lot, while three of her children, one of whom had recently attained the age of majority,[2] were loading $1,200.00 worth of stolen merchandise into the trunk of the vehicle.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903(a)(1); *id.* at 3929(a)(1).

[2] The adult child also entered a guilty plea.

Richards was charged with retail theft (F3),[3] conspiracy to commit retail theft (F3),[4] corruption of minors (M1),[5] and possession of a small amount of marijuana (M).[6] She entered a guilty plea to an amended count of conspiracy to commit retail theft (M1), and the Commonwealth *nolle prossed* the remaining charges. There was no agreement as to sentence.

The Honorable Christylee L. Peck reviewed a presentence investigation report (PSI) and, noting Richards was admitted to an Accelerated Rehabilitative Disposition (ARD) program in another county while the instant charges were pending, sentenced Richards to 1-23 months' incarceration, an aggravated-range sentence.[7] **See** N.T. Sentencing Hearing, 4/25/23, 4-6. Richards filed a timely post-sentence motion, which the court denied. **See** Order, 5/15/23. This timely appeal followed.

Richards raises the following issues for our review:

_____

[3] 18 Pa.C.S.A. § 3929(a)(4).

[4] **See** note 1, **supra**.

[5] 18 Pa.C.S.A. § 6301(a)(1)(i).

[6] 35 P.S. § 730-113(a)(31)(i).

[7] Richards had a prior record score of 0, and an offense gravity score of 2. The Sentencing Guidelines indicated a standard range of RS-RS (restorative sanctions), and an aggravated range of 1-3 months. **See** 204 Pa. Code § 303.13(a)(5); **id.** at § 303.16(a) (effective 1/1/2021). Richards was eligible for work-release and re-entry programs, and she was also eligible for parole at the completion of her minimum term. **See** N.T. Sentencing Hearing, 4/25/23, at 4-5.

1. Did the court below err in sentencing [Richards] to a sentence in the aggravated range?

2. Did the court err in failing to properly consider the relevant sentencing factors contained in 42 Pa.C.S.A. § 9721(b) in fashioning its sentence?

3. Did the court err by failing to enumerate the individual circumstances of [Richard's] case that justify an aggravated sentence?

Appellant's Brief, at 4.

In order to invoke this Court's jurisdiction to review discretionary aspects of sentence claims, Richards must satisfy the following four-part test:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (internal citations omitted). *See also Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

Richards has met the first three requirements of the four-part test. Richards filed a timely appeal, preserved the sentencing issues in a post-sentence motion, and included a statement raising these claims in her brief pursuant to Rule 2119(f). *Moury*, 992 A.2d at 170. Therefore, we next determine whether Richards has raised a substantial question.

In her Rule 2119(f) statement, Richards claims "this particular application of the guidelines was clearly unreasonable and manifestly

excessive." Appellant's Brief, at 9. Moreover, she claims the court's reason for sentencing in the aggravated range "relied directly upon an improper assumption of guilt as to the *nolle prossed* charge of corruption of minors." *Id.* We find Richards has raised a substantial question. *See Commonwealth v. Brown*, 249 A.3d 1206, 1211 (Pa. Super. 2021) (appellant raised substantial question on appeal that sentence was not appropriate under Sentencing Code by asserting trial court abused its discretion when it imposed sentence in aggravated range of Sentencing Guidelines and relied upon impermissible factors); *see also Commonwealth v. Stewart*, 867 A.2d 589, 592 (Pa. Super. 2005) (same). We turn now to the merits of Richards' discretionary sentence issues. We are guided by the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

Richards argues the court "relied on facts and conduct [that] allegedly support charges [that] were *nolle prossed* by the Commonwealth [and] an aggravated sentence of imprisonment is unsupported by the record and insufficiently explained[.]" *See* Appellant's Brief, at 11. She cites to

*Commonwealth v. Stewart*, *supra*, and argues that *Stewart* is analogous to the facts here. *See* Appellant's Brief, at 15.

In *Stewart*, which Richards acknowledges is "an unusual set of circumstances," *id.*, the defendant entered a guilty plea to attempted aggravated assault and statutory sexual assault. The trial court sentenced the defendant in the aggravated range of the Sentencing Guidelines, stating the following on the record: "**This sentence is in the aggravated range because two counts of IDSI, which each [carries] a mandatory minimum of five years, have been nolle prossed as well as another count of statutory sexual assault**." *Id.*, 867 A.2d at 593 (emphasis added).

On appeal, Stewart argued the trial court abused its discretion when it considered, and then enhanced his sentence, based on charges that were nolle prossed as part of his plea agreement. This Court addressed the issue of whether a defendant can be sentenced within the aggravated range of the guidelines on the basis of charges that were dismissed. After review, we vacated the judgment of sentence and remanded for resentencing, stating:

> [A] manifest abuse of discretion exists when a sentence is enhanced due to charges that have been nolle prossed as part of a plea agreement, because notions of fundamental fairness are violated. **The court's reference to the counts that had been nolle prossed does not lead to the immediate conclusion that the trial court manifestly abused its discretion in imposing the sentence that it did.** This is because the record fails to reflect what sentence the trial court would have imposed without consideration of the nolle prossed charges.

*Id.* at 593-94 (emphasis added).

The instant case is distinguishable from **Stewart**, and, therefore, we find Richards' reliance on that case misplaced. Unlike **Stewart**, the sentencing judge here did not state she was imposing an aggravated-range sentence because of the charges that were *nolle prossed*; in fact, she made no reference to those charges. Rather, the record illustrates that Judge Peck reviewed the PSI and stated that she was sentencing Richards in the aggravated range of the guidelines because "of the conduct displayed by [Richards] at the time of the arrest, and that **[Richards] has three of her own children with her in the criminal conspiracy to [commit] retail theft**." N.T. Sentencing Hearing, *supra* at 5-6 (emphasis added). The court's reference was to the charge to which Richards pled guilty—criminal conspiracy to commit retail theft—and the fact that she noted this was a parent-led conspiracy relates to Richards' character and the impact of her criminal conduct, which are legal consideration when imposing sentence. While it is apparent that **Stewart** precludes imposition of an enhanced sentence based solely on *nolle prossed* charges, here, contrary to Richards' claim, the sentencing court did not reference the corruption of minors charge. Simply because the Commonwealth agreed to *nolle prosse* certain counts in exchange for a plea does not mean the sentencing judge must blind herself to the facts and circumstances of the criminal conduct and, in particular, to the facts that support the charge to which Richards pled guilty.

The sentencing court correctly applied the Sentencing Guidelines, considered the specific facts of this case, and sentenced Richards to an

individualized sentence that reflected the seriousness of her offense. In accordance with section 9721(b) of the Sentencing Code, Judge Peck provided a statement of her reasons for imposing the sentence she did, and, in particular, her reasons for deviating from the guidelines. **See** N.T. Sentencing Hearing, **supra** at 5-6. **See also Commonwealth v. Devers**, 546 A.2d 12 (Pa. 1988) (sentencing judge can satisfy disclosure requirement by indicating she has been informed by PSI); **Commonwealth v. Eby**, 784 A.2d 204, 205–206 (Pa. Super. 2001) (where sentencing court imposes sentence outside of sentencing guidelines, court must provide contemporaneous statement of reasons in support of sentence); **cf. Commonwealth v. Taylor**, 277 A.3d 577, 593 (Pa. Super. 2022) (weighing of section 9721(b) factors is exclusively for sentencing court). We reiterate established precedent that "[w]hen reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." **Commonwealth v. Ventura**, 975 A.2d 1128, 1134 (Pa. Super. 2009). Thus, we find no abuse of discretion and, accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 01/03/2024