J-S23037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY EUGENE ELLER | : | |
| | : | |
| Appellant | : | No. 1894 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 11, 2022
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003277-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY EUGENE ELLER | : | |
| | : | |
| Appellant | : | No. 2884 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 11, 2022
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001155-2021

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:     **FILED NOVEMBER 30, 2023**

Roy Eugene Eller appeals the discretionary aspects of the sentence imposed by the Chester County Court of Common Pleas after a jury convicted him of several offenses stemming from the months-long sexual abuse Eller perpetrated on M.T., the autistic daughter of his girlfriend, B.T. Eller claims the sentencing court abused its discretion by imposing what Eller sees as an

excessive sentence for several different reasons, including by imposing sentences above the aggravated range of the sentencing guidelines and sentencing him to the statutory maximum for each of his convictions and running the sentences consecutively. He also asserts the sentencing court failed to consider his rehabilitative needs. We find Eller either waived his claim, failed to establish he raised a substantial question warranting our review, or failed to show the trial court abused its discretion in sentencing him. We therefore affirm.

As the issue of Eller's guilt is not relevant to any issue on appeal, our factual summary reflects the jury's verdicts. Eller lived with B.T. and her 16-year-old daughter, M.T. From January to April 2019, Eller "engaged in sexual intercourse with [M.T.], had [M.T.] perform oral sex on him, and performed oral sex on [M.T.]." Trial Court Opinion, 3/3/2023, at 1. B.T. was aware of the abuse. M.T. eventually confided in a school social worker about the abuse and told the social worker her mother wanted M.T. to have Eller's child. Eller was arrested and charged with various offenses at criminal docket numbers CP-15-CR-3277-2019 and CP-15-CR-1155-2021.

The matters proceeded to a jury trial, where M.T. testified about the sexual and physical abuse inflicted on her by Eller. The jury convicted Eller of sexual assault and unlawful contact with a minor at docket number 1155-2021, both graded as a felony of the second degree. The jury also convicted

Eller of corruption of a minor and endangering the welfare of a child ("EWOC") at docket number 3277-2019, both graded as a felony of the third degree.

The trial court ordered a pre-sentence investigation ("PSI") report and issued an order directing the Sexual Offender Assessment Board to conduct a sexually violent predator ("SVP") assessment of Eller. Following a hearing, Eller was found to be an SVP. The trial court then held a sentencing hearing, where M.T. gave a victim impact statement. The court stated it had reviewed the PSI and all the sentencing materials that had been submitted, and recounted the guideline ranges applicable to the offenses at issue. *See* N.T., 7/11/2022, at 33-34.

The court then offered a lengthy explanation for the sentence it had decided to impose. In the end, the court sentenced Eller at docket number 1155-2021 to consecutive terms of the statutory maximum of five to ten years' imprisonment each for the sexual assault conviction and the unlawful contact with a minor conviction. As for docket number 3277-2019, the court sentenced Eller to the statutory maximum of three and one-half to seven years' imprisonment for the corruption of a minor conviction, to be served consecutive to the sentence for the unlawful contact with a minor conviction at docket number 1155-2021. It also sentenced Eller to the statutory maximum of three and one-half to seven years' imprisonment for the EWOC conviction, to be served consecutive to the sentence for the sexual assault

conviction at 1155-2021. In total, the court sentenced Eller to an aggregate term of imprisonment of 17 to 34 years' imprisonment.

Eller filed a post-sentence motion, which the trial court denied. Eller then filed a *pro se* single notice of appeal listing both docket numbers in the caption. This Court issued a rule to show cause why Eller's appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969, 976-977 (Pa. 2018) (holding that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket, and announcing a prospective rule that a failure to file separate notices of appeal in such circumstances will result in quashal of the appeal), *reversed in part by* **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021).

Eller, now through appointed counsel, filed a response requesting to cure the **Walker** defect. Without being granted permission by this Court, counsel filed two amended notices of appeal, one with each docket number. This Court eventually entered an order directing the Prothonotary to docket the amended notice of appeal bearing docket number 3277-2019 at the originally-assigned Superior Court Appeal docket number of 1894 EDA 2022, and the amended notice of appeal bearing docket number 1155-2021 at the newly-created Superior Court Appeal Docket Number of 2884 EDA 2022. The order also stated that the notices of appeal were "docketed with this Court without prejudice for the panel assigned to decide the merits of this appeal to quash the appeal or appeals." Order, 11/28/22 (single page).

We dispose of the **Walker** issue at this juncture and find there is no need to quash the appeals. As noted above, Eller initially filed a *pro se* single notice of appeal containing both docket numbers despite the fact that **Walker** required him to file separate notices of appeal. This Court, however, has carved out several exceptions to the rule announced in **Walker** requiring quashal of the appeal in such circumstances, including in **Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa, Super. 2020) (*en banc*). There, we held that we would overlook the requirements of **Walker** and decline to quash a single notice of appeal from an order resolving multiple lower court docket matters where a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights. **See id.**

Here, such a breakdown in the court system occurred. The July 20, 2022 order denying Eller's post-sentence motion failed to provide notice to Eller of his appellate rights in contravention of Pa.R.Crim.P. 720(B)(4). Therefore, Eller was not properly informed of his appellate rights, constituting a breakdown in the court system, and accordingly, we decline to quash Eller's appeal under **Larkin**.

Given our disposition of the **Walker** issue pursuant to **Larkin**, it is unnecessary for this Court to address the effect of counsel's *sua sponte* filing of the amended notices of appeal other than to note that the filing led to the creation of two separate Superior Court Appeal docket numbers which we retain for purposes of this appeal.

In both of those docket numbers, this Court entered an order on January 20, 2023, granting counsel's request to remand the appeals to allow for the filing of a counseled Pa.R.A.P. 1925(b) statement.[1] Counsel filed a statement, raising several challenges to the discretionary aspects of Eller's sentence. The trial court issued a responsive Rule 1925(a) opinion, urging this Court to find that it had not abused its discretion in sentencing Eller. The appeals have since been consolidated and Eller raises the following issues for our review:

A. Did the sentencing court abuse its discretion when it imposed sentences above the aggravated range on the Corruption of Minors and [EWOC] convictions on docket number CR-3277-2019?

B. Did the sentencing court impose a manifestly excessive aggregate sentence in that the court imposed the statutory maximum available for each offense (on both docket numbers) and ran the statutory maximums consecutively to each other?

C. Did the sentencing court abuse its discretion [by] imposing a sentence which is "unlikely to end during [Eller's] natural life span or will perpetually subject [Eller] to the discretion of the Board of Probation and Parole[,]" a concept disapproved of in **Commonwealth v. Coulverson**, 34 A.3d 135, 148 (Pa. Super. 2011)?

D. Did the sentencing court fail to take [Eller's] rehabilitative needs into consideration?

Appellant's Brief at 3-4.

---

[1] Eller had previously filed a *pro se* handwritten Rule 1925 statement, which included a claim, actually more of a statement, that M.T. testified she gave consent and that M.T. was coached into saying Eller was violent [during the sexual abuse]. **See** Statement of Errors, 8/12/2022 (single page).

As all of Eller's claims challenge the discretionary aspects of his sentence, we note at the outset that he is not entitled to review of these claims. **See Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013). To the contrary, this Court will only review such discretionary-sentencing claims if the appellant shows he filed a timely notice of appeal, properly preserved his claims at sentencing or in a post-sentence motion, included a statement pursuant to Pa.R.A.P. 2119(f) in his brief, and raised a substantial question that his sentence is not appropriate under the Sentencing Code. **See id**.

Here, Eller filed a timely notice of appeal and included a Rule 2119(f) statement in his brief. He did file a post-sentence motion, but he did not include his third claim involving **Coulverson** in that motion. Nor did he point to any place in the record where he raised that issue at sentencing. It is therefore not properly before our Court. **See Griffin**, 65 A.3d at 935. Eller did generally include his three other claims in his post-sentence motion. We must therefore evaluate whether these claims raise a substantial question. **See id**.

A substantial question is one where the appellant advances a colorable argument that the sentencing court's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. **See id.** In support of his contention that his individual claims each raise a substantial question, Eller offers the following in his Rule 2119(f) statement:

Issues (A) and (B) present a substantial question and are properly considered for appellate review pursuant to 42 Pa. C.S.A. § 9781(c)(3) which states:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

…(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

\*\*\*

**(D) Appellant's rehabilitative needs**

Pursuant to 42 Pa.C.S.A. § 9721 [the court shall consider the rehabilitative needs of the defendant].

[Eller's] rehabilitative needs were not mentioned or taken into account.

Appellant's Brief at 17-18.

We turn first to Eller's fourth claim (claim D), that the trial court abused its discretion by not considering his rehabilitative needs. As is made clear above, Eller's Rule 2119(f) statement completely ignores this Court's precedent that such a claim, standing alone, does not raise a substantial question. ***See Griffin***, 65 A.3d at 936-937. Even if it did, and we were to proceed to the merits of this claim, we would find it waived for lack of development. Eller's argument in support of his claim in the argument section of his brief is but a general assertion that the court did not "contemplate [his] rehabilitative needs," without identifying what needs the court purportedly did not consider or otherwise developing the claim in any meaningful way. ***See***

*Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa. Super. 2006) (stating that arguments that are not sufficiently developed are waived). Therefore, even if the claim raised a substantial question, it is waived.

Similarly, as for Eller's claim that the sentencing court abused its discretion by imposing the statutory maximum on each of his sentences and running those sentences consecutively, Eller's Rule 2119(f) statement does not mention in what way this claim raises a substantial question, much less account for this Court's precedent that such a claim challenging the consecutive nature of sentences imposed does not raise a substantial question. *See, e.g., Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (stating that a claim that a sentence is excessive because the sentencing court ordered sentences to run consecutively generally fails to raise a substantial question). In any event, even if Eller had established this claim raises a substantial question, he has not, as discussed more fully below, established the sentencing court abused its discretion in imposing consecutive sentences.

As for Eller's remaining claim that the sentencing court imposed an excessive sentence by unreasonably sentencing him to a period of incarceration above the aggravated range on the EWOC and corruption of a minor convictions, we find this presents a substantial question for our review. *See Commonwealth v. Eby,* 784 A.2d 204, 206 (Pa. Super. 2001) ("A claim that the sentencing court imposed an unreasonable sentence by sentencing

outside the guideline ranges presents a substantial question for our review." (citation omitted)). We therefore proceed to the merits of this claim, but find the claim is without merit.

When reviewing a claim challenging the discretionary aspects of a sentence, we will only disturb a sentence when we find the sentencing court committed a manifest abuse of discretion. *See Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019). In reviewing a record to determine if the sentencing court abused its discretion, the Sentencing Code instructs this Court to consider the nature and circumstances of the crime; the history and characteristics of the defendant; the sentencing court's findings as well as the court's opportunity to observe the defendant, including through presentence investigation; and the sentencing guidelines. *See* 42 Pa. C.S.A. § 9781(d).

The Sentencing Code additionally instructs sentencing courts to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa. C.S.A. § 9721(b). The balancing of these Section 9721(b) sentencing factors is within the sole province of the sentencing court. *See Lekka*, 210 A.3d at 353.

The sentencing court must also consider the sentencing guidelines when sentencing a defendant. *See* 42 Pa. C.S.A. § 9721(b). However, the sentencing guidelines are purely advisory in nature - they are not mandatory. *See Commonwealth v. Yuhasz,* 923 A.2d 1111, 1118 (Pa. 2007). A court

may therefore use its discretion and sentence defendants outside the guidelines, as long as the sentence does not exceed the maximum sentence allowed by statute. *See id.* at 1118-19. When a court deviates from the sentencing guidelines, it must state the reasons for doing so on the record. *See Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa. Super. 2016). This Court may vacate a sentence if it finds the "sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa. C.S.A. § 9781(c)(3).

Here, Eller does not assert the court failed to appreciate it was sentencing him outside the sentencing guidelines or failed to adequately state its reasons for doing so on the record. And, as the Commonwealth points out, the record would belie any such claim as the court provided "a litany of reasons for imposing the sentence that it did." Commonwealth's Brief at 23. Those reasons included the horrific nature of the repeated sexual assaults on a young victim, the fact that the victim had disabilities and looked to Eller as a parental figure, Eller's lack of remorse, and Eller's criminal history consisting of 27 arrests and 25 previous convictions. During its explanation of its sentence, the court also stated:

> We also must recognize that given the statutory limits on what we can do in sentencing on some of these cases I have no real ability to sentence into the aggravating range. So I keep that in mind as I look towards how to formulate the overall structure of the sentence.

N.T., 7/11/2022, at 50.

- 11 -

It is this statement that Eller takes issue with, asserting this shows that the sentencing court "circumvented the statutory maximums [on the sexual assault and unlawful contact convictions by] imposing sentences above the aggravated sentencing ranges on the corruption of minors and [EWOC] convictions." Appellant's Brief at 28. Although not cogently explained by Eller, he appears to essentially be arguing that because the court was prohibited by the statutory maximum from sentencing Eller in the aggravated range of the sentencing guidelines for his sexual assault and unlawful contact convictions, it improperly used this reason to sentence him above the aggravated range for his corruption of a minor and EWOC convictions.[2]

In making his argument, Eller acknowledges there is no authority establishing this is an improper exercise of the court's discretion. **See id.** Nor does he explain how it was improper, given that the court did not exceed the statutory maximum for any of the sentences imposed on the four offenses, had the discretion to impose sentences above the aggravated range but not in excess of the statutory maximum, and was well within its purview to consider the sentencing scheme as a whole. Eller has simply failed to show

_____

[2] At the sentencing hearing, all parties agreed with the court that the standard range under the sentencing guidelines for Eller's sexual assault and unlawful contact convictions was 72 to 90 months. Meanwhile, both of Eller's sexual assault and unlawful contact convictions were graded as a felony of the second degree, which has a statutory maximum of ten years, **see** 18 Pa C.S.A. § 1103(2), and the minimum must not exceed half the maximum imposed, **see** 42 Pa. C.S.A. § 9756(b)(1).

- 12 -

the court abused its discretion by sentencing him above the aggravated range of the guidelines for his corruption of a minor and EWOC convictions.

We briefly address Eller's claim that the sentencing court also abused its discretion by sentencing him to the statutory maximum for each of the offenses and running those sentences consecutively, even though it is not, as discussed above, clear this raises a substantial question for our review. The sentencing court addressed this claim as follows:

> As for [Eller's] claims of error regarding his consecutive sentences, long-standing Pennsylvania precedent recognizes that 42 Pa. C.S.A. § 9721 affords a sentencing court discretion to impose a sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. [*See*] ***Commonwealth v. Graham*** [ ], 661 A.2d 1367, 1373 (Pa. 1995). A defendant is not entitled to a "volume discount" for his or her crimes. [*See*] ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995) (finding sentence appropriate in light of the criminal conduct at issue where three separate home invasions involved robbery and sexual assault). The [sentencing] court found it inappropriate to offer such a discount in this case [given that:]
>
> ***
>
> The evidence presented to the jury at trial established that [Eller's] assault of this victim was not a single, isolated incident or "activity." There were multiple instances of abuse of this young, autistic girl over the course of months. The abuse was not a sexual "relationship" or simply "sexual activities" as suggested by [Eller]. Rather, the victim, a 16-year-old girl, endured multiple sexual assaults at the hands of the 54-year-old boyfriend of her mother.

Trial Court Opinion, 3/3/2023, at 4-5.

We see no abuse of discretion in the court's decision to not give a "volume discount" to Eller for the multiple offenses he committed and

therefore to impose consecutive terms. As such, we would find no merit to this claim, even if it does raise a substantial question for our review.

No relief is due.

Judgment of sentence affirmed.

Judge Kunselman joins the memorandum.

Judge King did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/30/2023