J-S47019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW D. ROBINSON | : | |
| | : | |
| Appellant | : | No. 3207 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 2, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004674-2021

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 22, 2024**

Andrew Robinson appeals from the judgment of sentence imposed after the trial court found him guilty of third-degree murder and possessing an instrument of crime ("PIC").[1]  Robinson claims his sentence was unreasonable. Additionally, Robinson's counsel filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

On October 29, 2020, Robinson and William McElhenny were outside the front entrance of their shelter in Philadelphia and got into an argument.  A fight ensued.  Robinson pulled out a knife and stabbed Mr. McElhenny

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c) and 907(a).

numerous times, killing him. Neighborhood surveillance videos showed that McElhenny was unarmed. Robinson was arrested and charged.

Following a bench trial, the court found Robinson guilty of murder of the third degree and PIC. On November 2, 2022, the trial court sentenced Robinson to 15 to 40 years' incarceration for the murder conviction and 1 to 2 years' incarceration, concurrent, for PIC. Robinson filed a post-sentence motion, which the court denied.

Robinson filed this timely appeal. Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Robinson did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw as counsel. The *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. The record includes a copy of the letter that counsel sent to Robinson stating counsel's intention to seek permission to withdraw and advising Robinson of his right to proceed *pro se* or retain new counsel and file additional claims. Because

counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Robinson's appeal is wholly frivolous.

In the **Anders** brief, counsel indicates that Robinson wants to challenge the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Colon**, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013)). Robinson has satisfied the first and third requirements under **Colon**. Because Robinson raises several issues in his Rule 2119(f) statement, we must consider whether he satisfied the third and fourth requirements for each issue.

In his Rule 2119(f) statement, Robinson claims that the trial court either: 1) sentenced him outside the guidelines and his sentence is unreasonable; or 2) sentenced within the guidelines but his case involves

circumstances where the application of those guidelines would be clearly unreasonable given his mental health.[2] **Anders** Brief at 20-21.

Upon review of the record, we observe that Robinson preserved his sentencing claims. This Court has held "[a] claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guidelines presents a 'substantial question' for our review." **Commonwealth v. Eby**, 784 A.2d 204, 206 (Pa. Super. 2001). We also have held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." **Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Therefore, we will consider Robinson's sentencing claims.

> Our standard of review of a sentencing claim is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006)

Robinson claims that the trial court sentenced him outside the sentencing guidelines. Alternatively, he claims that if his 15 to 40-year sentence was within the guidelines, it was clearly unreasonable considering

---

[2] We interpret Robinson's second claim as the court imposed an excessive sentence and failed to consider mitigating factors.

his mental health issues. As such, Robinson maintains that the trial court abused its discretion when it sentenced him. *See Anders* Brief at 20-21.

Our review of the record shows that, contrary to Robinson's claim, the trial court did not sentence Robinson outside the sentencing guidelines. The court noted that Robinson's prior record score was a 3 and the offense gravity score for murder of the third-degree was 14. The court further noted that the sentencing guidelines, with the deadly weapon/used enhancement of 18 months, recommended a standard range, minimum sentence of 138 months to the statutory limit of 240 months.[3] N.T., 11/2/22, at 2. The trial court sentenced Robinson to 180 months to 40 years' incarceration. This minimum sentence was well within the standard range. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *See Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019).

The record also shows that the trial court considered Robinson's mental health, as well as other mitigating factors, when it sentenced him. The court had a pre-sentence investigation report ("PSI"), which defense counsel noted was very detailed. It is well settled that where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing

_____

[3] "For the purposes of the guidelines, the statutory limit is the longest legal minimum sentence, which is one-half the maximum allowed by law." 204 Pa. Code 303.9(g). Here, the maximum sentence that could have been imposed was 40 years, making the longest minimum sentence 20 years.

.

- 6 -

factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009). The court also had a detailed mental health evaluation of Robinson. N.T., 11/2/22, at 7. The court indicated it reviewed both reports. *Id.* at 28.

Additionally, Robinson's counsel gave the court an overview of Robinson's difficult background, highlighting various mitigating factors and his rehabilitative needs. These included Robinson's parents' drug addiction, which started before his birth and continued into his childhood resulting in their neglect and inability to care for him. The impact this had on Robinson was significant and was compounded, subsequently, by the abuse he suffered while he was in foster care. Counsel emphasized that Robinson also suffered from various mental health issues which, in part, resulted from the circumstances of his childhood. Robinson's counsel argued that these circumstances significantly affected Robinson throughout his life, including at the time of this incident. *Id.* at 5-13. The court heard from Robinson's mother and a family friend. Robinson himself addressed the court. *Id.* at 14-18, 25-28.

The Commonwealth acknowledged the mitigating circumstances of this case and asked the court to impose a sentence of only 17 years' incarceration, rather than the statutory limit of 20 years. *Id*. at 24-25.

At the conclusion of the hearing, the trial court stated, "I've reviewed everything." *Id.* 28. The court commented about the severity of the incident

and that Robinson was fortunate to have been convicted of third-degree murder rather than first-degree, which a jury likely would have found. Despite this, the court imposed a minimum sentence of 15 years, which was less than the minimum sentence requested by the Commonwealth. Thus, the court sincerely considered Robinson's mental health and background. The court's sentence further considered Robinson's rehabilitative needs and required Robinson to get his GED, vocational training, anger management counseling, and a dual diagnosis examination and treatment. *Id.* at 29.

Based upon our review of the sentencing transcript, it is evident that the trial court considered the mitigating factors in this case, including Robinson's background, mental health, and rehabilitative needs. On appeal, [w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). Thus, we conclude that the trial court did not abuse its discretion when it sentenced Robinson.

For the foregoing reasons, we conclude that Robinson's claim that his sentence was unreasonable is frivolous. Further, in accordance with *Dempster*, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

J-S47019-23

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/22/2024