J-S04019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FAISAL RAHMAN | : | |
| | : | |
| Appellant | : | No. 1395 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 23, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0005861-2022

BEFORE: BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 23, 2024**

Appellant, Faisal Rahman, appeals from the judgment of sentence entered in the Court of Common Pleas of Bucks County on March 23, 2023, challenging the discretionary aspects of his sentence. Finding the claims meritless, we affirm.

The instant matter arises from Appellant's relentless stalking of the victims, Nada and Fioravante Bucci, who are husband and wife, for well over six years, using Facebook, LinkedIn, and spoofed cell phone numbers.[1] Following Appellant's arrest on November 9, 2022,

> [o]n February 14, 2023, Appellant entered into an open guilty plea to two counts of stalking, 18 Pa.C.S.[A.] § 2709.1(a)(2), four counts of third-degree misdemeanor harassment, 18 Pa.C.S.[A.] § 2709(a)(4), two counts of summary harassment, 18 Pa.C.S.[A.] § 2709(a)(3), and two counts of disorderly conduct, 18 Pa.C.S.[A.] § 5503(a)(3). Counts 3 and 4 of the criminal

_____

[1] Appellant is Nada Bucci's cousin.

information, both terroristic threats under 18 Pa.C.S.[A.] § 2706(a)(1), were nolle [prossed] by the Commonwealth. . . . Because Appellant violated a bail condition directing him not to contact the victims (and violated a temporary, active Protection from Abuse Order), the [trial] court revoked his bail and deferred sentencing to March 23, 2023. The [trial] court again ordered Appellant not to contact the victim.

At the March 23, 2023 sentencing [hearing], the [trial] court was informed that "Appellant ha[d] . . . contacted [the] victim from [the Bucks County Correctional Facility] after [the trial] court ordered [Appellant] not to have any contact." *See* Bucks County Criminal Court Sheet, dated March 23, 2023, p. 1.

The court sentenced Appellant to one day less than one year to one day less than two years imprisonment on Count 1, stalking victim Nada Bucci, 18 Pa.C.S.[A.] § 2709.1(a)(2), with credit for time served from February 14, 2023 (the date of his plea) to March 23, 2023 (the sentencing date). Appellant was also sentenced to a concurrent term of three years['] probation for Count 2, stalking victim Fioravante Bucci (Nad[a]'s husband). The [trial] court imposed no further penalty on the remaining eight convictions.

On March 31, 2023, Appellant filed a motion to modify and reconsider sentence. On May 2, 2023, [the trial court] denied [the above motion] without a hearing.

On June 1, 2023, Appellant filed this appeal.

Trial Court Opinion, 9/28/23, at 4-5 (cleaned up).

On appeal, Appellant argues that (I) the sentencing court abused its discretion in sentencing him outside the aggravated range of the guidelines by failing to identify the guidelines at sentencing and failing to identify the reasons for imposing this sentence, and (II) the sentencing court failed to consider all relevant factors, such as Appellant's family history, age, or rehabilitative needs.

When an appellant raises claims challenging the discretionary aspects of his sentence, we will review the claims only if the appellant shows he filed a timely notice of appeal, properly preserved his claims at sentencing or in a post-sentence motion, included a statement pursuant to Pa.R.A.P. 2119(f) in his brief, and raised a substantial question that his sentence is not appropriate under the Sentencing Code. *See Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (defining substantial question as one where appellant advances colorable argument that sentencing court's actions were either inconsistent with specific provision of Sentencing Code or contrary to fundamental norms underlying sentencing process).

Here, Appellant filed a timely appeal and properly preserved his claims in a post-sentence motion and his Rule 1925(b) statement.[2] In his statement pursuant to Pa.R.A.P. 2119(f), Appellant cites cases supporting his contention that each of his claims raises a substantial question under the Sentencing Code. *See Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 1999) ("A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guidelines presents a 'substantial question' for our review"); *Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016) (averment that trial court "failed to consider relevant sentencing criteria,

---

[2] It should be noted that Claim I was not raised in Appellant's post-sentence motion. However, for purposes of this appeal, we assume the claim is properly before us.

including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of Appellant," presents substantial question for appellate review).

In light of the foregoing, we proceed to review the merits of Appellant's sentencing claims.

Our review is governed by the following principles:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008). Additionally, our review of the discretionary aspects of a sentence is governed by 42 Pa.C.S.A. § 9781(c) and (d):

**(c) Determination on appeal.—**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.—**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c)-(d).

This Court has further explained:

Where . . . a court imposes a sentence outside of the Sentencing Guidelines, the court must provide, in open court, a contemporaneous statement of reasons in support of its sentence. 42 Pa.C.S.[A.] § 9721(b).

[A sentencing] judge . . . [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

\* \* \*

[W]hen deviating from the sentencing guidelines, a trial judge must indicate that [s]he understands the suggested ranges. However, there is no requirement that a sentencing court must evoke "magic words" in a verbatim recitation of the guidelines ranges to satisfy this requirement. Our law is clear that, when imposing a sentence, the trial court has rendered a proper contemporaneous statement under the mandate of the Sentencing Code so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them.

*Commonwealth v. Beatty*, 227 A.3d 1277, 1287-88 (Pa. Super. 2020)

(internal citations and quotation marks omitted).

Here, Appellant first argued that the trial court abused its discretion in sentencing Appellant outside the aggravated range of the sentencing guidelines. Specifically, Appellant argues that the imposition of a sentence outside the aggravated range of guidelines constituted an abuse of discretion for two reasons: (1) the sentencing court failed to identify specific sentencing guidelines at the time of sentencing, and (2) the sentencing court failed to provide reasons for deviating from the sentencing guidelines.

To begin, it makes no difference if the sentencing court states the specific guideline ranges on the record at the time of sentencing. "When the record demonstrates that the sentencing court was aware of the guideline ranges and contains no indication that incorrect guideline ranges were applied or that the court misapplied the applicable ranges, we will not reverse merely because the specific ranges were not recited at the sentencing hearing." *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa. Super. 2002). Nor is there any requirement that a sentencing court state "magic words" in a verbatim recitation of the guidelines ranges. *Id.* (citing *Commonwealth v. Rodda*, 732 A.2d 212, 215 (Pa. Super. 1999)). We have held that the trial court is adequately aware of the sentencing guidelines when it acknowledges its understanding of the guidelines during the defendant's guilty plea hearing and

in its Rule 1925(a) opinion. **Commonwealth v. Trentini,** 2023 WL 5549211, *7 (Pa. Super., Aug. 29, 2023) (unpublished memorandum).[3]

Here, as in **Trentini**, the trial court signified its awareness of the relevant guidelines both during Appellant's guilty plea hearing and in its Rule 1925(a) opinion.

At the plea hearing on February 14, 2023, the trial court specifically identified the relevant guidelines as follows:

> This crime [*i.e.*, stalking] is graded as a misdemeanor of the third degree, meaning it carries a maximum penalty one year in jail and a maximum fine of $2,500 on each count.
>
> Now, I have sentencing guidelines for stalking, Counts 1 and 2, and those guidelines assign this crime an offense gravity score of four. You have a prior record score of zero. That yields the following sentencing recommendation: in the standard range, the recommendation is that I impose a minimum sentence somewhere between restorative sanctions, which is probation. So somewhere between probation and three months in jail. And in the aggravated range, the recommendation is that I impose a sentence of six months in jail.

N.T. Guilty Plea Hearing, 2/14/23, at 15. Similarly, in its Rule 1925(a) opinion, the trial court acknowledged awareness of the sentencing guidelines. Trial Court Opinion, 9/28/23, at 10.

Not only was the trial court aware of the relevant guidelines, but it carefully explained during Appellant's sentencing hearing why it chose to depart from the guidelines:

_____

[3] **See** Pa.R.A.P. 126(b) (Superior Court can cite non-precedential memorandum issued after May 1, 2019 for its persuasive value).

The Court: All right. So, Mr. Rahman, I don't understand how you could possibly misunderstand what I told you the last time I saw you, which was to absolutely have no contact of any kind or type with your cousin.

[Appellant]: Right.

The Court: And you – I told you that, I ordered you that, and you did [it] anyway. So I have hard time believing that anything I say is going to have any impact on you or that you'll do anything that I say, because anybody would have – that listened would have known the worst thing you could possibly do would be go to that jail and try to contact her. And that's what you did.

I don't understand how you say that you love this person, yet you treat her such that she, in her impact statement, says she lives in constant fear and she's absolutely terrified of you. All people want is for you to leave them alone and you don't do that.

I don't know what has to happen to you for you to understand that we mean it. You can't have contact with these people of any kind or any type. You have acted so poorly that I'm telling you, you're not allowed to have any contact with her. But I've already told you and you d[id] it anyway.

I'm going to give you a sentence – I'm going to keep you in the county jail because I don't think that you will do well in a state correctional institution.

[Appellant]: I will.

The Court: I'm telling you, you're going to stay in the county, but I'm also going to put you on probation. . . .

N.T. Sentencing, 3/23/23, at 20-22. Similarly, the court's Rule 1925(a) opinion made clear that it sentenced Appellant outside the aggravated range after considering Appellant's inability to follow clear, repeated orders not to contact the victims and his lack of remorse. Trial Court Opinion, 3/23/23, at 9-10.

In short, even though the trial court did not explicitly identify the relevant Sentencing Guidelines during Appellant's sentencing hearing, the record establishes that it was aware of the guidelines long before sentencing at the time of Appellant's guilty plea hearing. The record further establishes that the court did not misapply the applicable ranges but elected to depart from the guidelines after careful review of Appellant's misconduct. Thus, Appellant's argument does not warrant relief.

Appellant next argues that the sentencing court abused its discretion in not considering Appellant's family history, age, or rehabilitative needs. Again, the record does not support Appellant's claim.

First, we must note that Appellant's own brief recites the information allegedly not considered by the sentencing court:

> Appellant was thirty-three years old at the time of sentencing and had no prior criminal record. N.T. [Sentencing] 3/23/23, p. 5. Appellant is well-educated and had a promising career in IT. *Id.* However, as result of these charges, Appellant does not believe he will be able to find employment in his field again. *Id.* at 16. Appellant's father was present at sentencing and testified that he would provide financial and emotional support to Appellant and that he would ensure that Appellant complies with any treatment. [*Id.* at] 13-14. Appellant indicated that his actions were the result of depression and cyberbullying. N.T. [Guilty Plea Hearing], 2/14/23, pp. 23-24. Appellant repeatedly expressed his remorse for his actions and for the trauma he caused to the victims. *Id.* at 18. Finally, and perhaps most importantly, counsel indicated that the mental health evaluation ordered by the sentencing court recommended a course of outpatient treatment, which Appellant agreed to follow.

Appellant's Brief at 19.[4]

Thus, as acknowledged by Appellant, the record shows that the sentencing court was fully apprised of Appellant's conduct as well as his personal history and background. ***See generally*** N.T. Guilty Plea Hearing, 2/14/23; N.T. Sentencing, 3/23/23; and Trial Court Opinion, 9/28/23. Simply because the sentencing court gave these factors less weight than Appellant desired does not mean that the sentencing court abused its discretion. Abuse of discretion requires much more than expressing some dissatisfaction with the way the sentencing court treated these considerations.

The record shows that the sentencing court weighed all relevant circumstances, including, but not limited to, the gravity of the crimes, the protection of the public and Appellant's rehabilitative needs and background. To this end, the sentencing court noted that the "impact of Appellant's stalking crimes was appreciable," Trial Court Opinion, 3/23/23, at 9, since "Appellant continued to contact the victim regardless of two court orders instructing no contact and despite that he was fully aware that the victim was afraid of him. It was clear there was zero rehabilitation potential, zero respect for court orders, and feigned remorse." ***Id.*** at 10 (citing N.T. Guilty Plea, 2/14/23, at 17, 20-21; N.T. Sentencing, 3/23/23, at 11, 20-21).

_____

[4] Appellant fails to mention that despite being ordered not contact the victim, and despite having expressed remorse for the trauma caused to the victim at the guilty plea hearing, Appellant contacted the victim during the one-month hiatus between the guilty plea and sentencing hearings despite the court order to refrain from contact. Trial Court Opinion, 3/23/23, at 5.

While Appellant is dissatisfied with the way the sentencing court handled some sentencing factors, the record is clear that the sentencing court calibrated all of them in its decision. For example, the record shows that the trial court addressed Appellant's rehabilitative needs by ordering a mental health evaluation following his guilty plea and ordering Appellant to comply with the evaluation made by the prison. In addition, the court imposed a county sentence instead of a state sentence because it believed, in light of Appellant's characteristics and needs, that he would not do well in a state correctional institution. *See* N.T. Sentencing, 3/23/23, at 21-23.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/23/2024